

FILED
2012 MAR 12 P 2: 21
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  Peter M. Hart (SBN 198691)
   hartpeter@msn.com
2  Amber S. Healy (SBN 232730)
   ahealy.loph@gmail.com
3  LAW OFFICES OF PETER M. HART
   12121 Wilshire Blvd., Suite 205
4  Los Angeles, California  90025
   Telephone: (310) 207-0109
5  Facsimile:  (509) 561-6411

6  Kenneth H. Yoon, Esq. (SBN 198443)
   kyoon@yoonlaw.com
7  LAW OFFICE OF KENNETH H. YOON, APC
   One Wilshire Blvd., Suite 2200
8  Los Angeles, California  90017
   Telephone: (213) 612-0988
9  Facsimile:  (213) 947-1211

10  Attorneys for Plaintiff CELINA Z. PORRAS, as an
    individual, and on behalf of all others similarly situated

11

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                  **SAN FRANCISCO DIVISION**

15  CELINA Z. PORRAS, as an individual, and     CASE NO. **CV 12 1225** LB
    on behalf of all others similarly situated,
16
                      Plaintiffs,              **CLASS ACTION COMPLAINT FOR:**
17
          vs.                                 (1) VIOLATIONS OF THE TICKET RESALE
18                                            LAW [BUSINESS AND PROFESSIONS CODE
    STUBHUB, INC., and DOES 1 through 100,    § 22500, *ET SEQ.*]
19  inclusive,
                                              (2) VIOLATIONS OF THE UNFAIR
20                    Defendants.             COMPETITION LAW [BUSINESS AND
                                              PROFESSIONS CODE § 17200, *ET SEQ.*]
21
                                              (3) VIOLATIONS OF THE FALSE
22                                            ADVERTISING LAW [BUSINESS AND
                                              PROFESSIONS CODE § 17500, *ET SEQ.*]
23
                                              (4) FRAUD
24
                                              (5) NEGLIGENT MISREPRESENTATION
25
                                              (6) BREACH OF CONTRACT
26
                                              (7) VIOLATION OF THE CONSUMER LEGAL
27                                            REMEDIES ACT [CIVIL CODE § 1780, *ET
                                              SEQ.*]
28
                                              **JURY TRIAL DEMANDED**



869259.5/81114.05002

1    Plaintiff CELINA Z. PORRAS ("Plaintiff"), by and through her attorney, on behalf of herself

2    and all others similarly situated, bring this Class Action Complaint against the above-named

3    Defendants, make the following allegations and claims for relief, and allege, based upon personal

4    knowledge as to herself and her own acts, and as to all other matters based upon information and

5    belief, as follows:

## I.    NATURE OF ACTION

7        1.    This is a class action in which Plaintiff seeks relief for Defendant's violation of

8    California Business and Professions Code ("BPC") § 22500, et seq. ("BPC § 22500" or "Ticket Resale

9    Law") governing the resale of tickets to sporting, musical, theatre and other entertainment events, and

10   seek to secure redress, restitution, and disgorgement of profits from Defendant for violations of

11   California Business and Professions Code § 17200, et seq. (the "UCL" or "Unfair Competition

12   Law"),California Business and Professions Code § 17500, et seq. ("BPC § 17500" or the "False

13   Advertising Law" or "FAL"), and to enjoin Defendant's unlawful conduct, acts and practices alleged

14   herein pursuant to the Consumer Legal Remedies Act, Civil Code § 1750, et seq. ("CLRA").

15   Defendant makes numerous misrepresentations and "guarantees" on its website that a ticket purchased

16   by a buyer will be "authentic" and "valid for entry," when, in fact, Defendant delivers tickets that are

17   not authentic or valid.  As a result, Plaintiff and members of the proposed class have been denied entry

18   to, or expelled from their seats at, events for which they purchased through Defendant purportedly

19   "authentic" and "valid for entry" tickets.  Plaintiff and members of the proposed class have also

20   incurred travel expenses and other costs in their attempts to attend events for which they purchased a

21   ticket through Defendant, but for which they were denied entry or expelled.  Plaintiff and members of

22   the proposed class have also unknowingly purchased tickets from Defendant that were not "authentic"

23   or "valid for entry" that were, in turn, provided to others (e.g., friends, business associates, clients, and

24   the like) who were denied entry to, or expelled from, events.  Defendant has known for many years

25   that tickets purchased through its website are oftentimes not "authentic" or "valid for entry."  (See,

26   e.g., NPS LLC v. StubHub, Inc. (Mass. Super. Ct., Civil Action No. 06-4874-BLS1) (according to the

27   New England Patriots, starting in 2005 they noticed a larger number of patrons seeking admission to

28   NFL football events through cancelled and invalid tickets; the majority of those fans reported that they

1   had purchased those tickets from StubHub).)  Yet, rather than clearly and affirmatively warn and

2   disclose to consumers that tickets purchased through its website may not be, and oftentimes are not,

3   authentic or valid for entry, StubHub makes numerous misrepresentations that mislead consumers to

4   believe that they are purchasing tickets in a "safe," "secure," and "highly reliable environment" "with

5   100% confidence" that all tickets are "assured" to be, and thus will be, "authentic" and "valid for

6   entry."  Unfortunately, it is only upon arrival at the event that Plaintiff and members of the proposed

7   class first learn that their tickets are not "authentic" or "valid for entry."  Moreover, in those instances

8   where tickets purchased through StubHub are not authentic or valid for entry, StubHub improperly

9   does not make consumers whole and/or award consumers the relief they are entitled to under BPC §

10  22502.3 of the Ticket Resale Law (*i.e.,* two times the contracted price of the ticket, in addition to any

11  sum expended by the consumer in nonrefundable expenses for attending or attempting to attend the

12  event).  Lastly, Defendant wrongfully charges buyers a "Service Fee" of up to 10% of the ticket

13  purchase price, the payment of which Defendant misleads buyers to believe assures that tickets

14  purchased through Defendant's website will be authentic and valid for entry, when in reality, it does

15  not. In sum, and for the reasons described more fully below, Defendant's conduct is a violation of the

16  Ticket Resale Law, Defendant's business practice is unfair and deceptive in violation of the Unfair

17  Competition Law, the False Advertising Law, and the CLRA and Plaintiff and the proposed class are

18  entitled to relief.

19                          **II.      JURISDICTION**

20       2.      Diversity subject matter jurisdiction exists over this class-action pursuant to the Class

21  Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), amending 28 USC § 1332, at

22  new subsection (d), conferring federal jurisdiction over class actions involving (a) 100 or more

23  members in the proposed Class; (b) at least some members of the proposed class have different

24  citizenship from some Defendants and (c) the claims of the proposed class members exceed the sum

25  or value of five million dollars ($5,000,000) in the aggregate.  28 U.S.C. § 1332(d)(2) and (6).

26       3.      Approximately 12,000 – 15,000+ tickets are sold through Defendant's website each

27  day, and thus,  approximately 4,380,000 and 5,475,000 tickets are sold annually through Defendant's

28  website. Defendant charges a Service Fee of up to 10% of the ticket purchase price, and a minimum

of $5.00 per ticket sold. The Service Fee is alleged herein to be improper and is a component of damages sought by Plaintiff and each member of the proposed Service Fee Scheme Class, which comprises every consumer to whom a ticket has been sold through Defendant's website over the last four years. At a minimum, at $5.00 per ticket, for 4,380,000 tickets sold through Defendant's website over the last four years, the claims of the proposed Service Fee Scheme Class exceed $5,000,000.

4.    Defendant admits that a minimum of .4% of all tickets sold through its website are invalid. Thus, a minimum of between 17,520 and 21,900 invalid tickets are sold annually through Defendant's website. Plaintiff and members of the proposed Invalid Tickets Class allege herein that Defendant is obligated to make consumers whole and/or award consumers the relief they are entitled to under BPC § 22502.3 of the Ticket Resale Law (*i.e.,* two times the contracted price of the ticket, in addition to any sum expended by the consumer in nonrefundable expenses for attending or attempting to attend the event) in each instance that they purchased an invalid ticket through Defendant's website. Thus, the claims of the proposed Invalid Tickets Class exceed $5,000,000.

5.    The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.    Pursuant to 28 U.S.C. § 1391, venue in this District is proper in that the Defendant is located within this District

### III.    PARTIES

7.    Plaintiff and putative class representative Celina Z. Porras is a natural person, and, at all relevant times has been over 18 years of age and a citizen of California residing in Los Angeles County.

8.    The Defendant, StubHub, Inc. ("StubHub" and "Defendant"), is a Delaware corporation with its principal place of business located at 199 Fremont Street, 4th Floor, San Francisco, California 94105.

9.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges

that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

10.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

11.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

12.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## IV.    FACTUAL ALLEGATIONS

14.    Defendant StubHub operates www.stubhub.com, the world's largest online marketplace for the resale and purchase of tickets to sporting events, concerts, theater shows, and other live entertainment events.

15.    On November 10, 2011, as a 39th birthday gift for Plaintiff's spouse, Plaintiff purchased through StubHub two tickets (the "Tickets") for her and her spouse to attend the December 19, 2011 NFL football game between the San Francisco 49ers and the Pittsburgh Steelers at Candlestick Park in San Francisco, California (the "Event").

16.    Plaintiff purchased the Tickets through StubHub's website, www.stubhub.com, and paid $265.00 for each ticket, for a total of $530.00.

17.    In addition, Plaintiff was charged by StubHub, and paid, a Service Fee of $53.00 (the "Service Fee") and a Delivery Services fee of $11.95.

18.    In total, Plaintiff paid $594.95 for the Tickets.

19.    On November 14, 2011, Plaintiff purchased airfare for roundtrip travel for herself and her spouse from Los Angeles to San Francisco to attend the Event at a cost of $442.80. Plaintiff also incurred other expenses to attend the event, including but not limited to transportation to and from the Event.

20.    On December 19, 2011, Plaintiff and her spouse arrived at the Event and presented the Tickets she purchased through StubHub to a ticket agent. Plaintiff and her spouse were granted entrance to the Event and took to their seats. However, approximately half-way through the Event, Plaintiff and her spouse were confronted by Event staff, security, and uniformed San Francisco police officers who, in full view and ear shot of numerous other Event attendees, accused Plaintiff and her spouse of possessing invalid and/or inauthentic tickets. Plaintiff and her spouse were completely unaware and received no prior notice from Defendant that the Tickets were invalid or inauthentic. The Event staff and security then expelled Plaintiff and her spouse from their seats and escorted them to an administrative office at the Event. Plaintiff and her spouse were never allowed to return to their ticketed seats. The confrontation and expulsion that occurred as a result of Defendant not delivering, or causing to be delivered, authentic or valid tickets caused Plaintiff and her spouse distress and embarrassment.

21.    Subsequent to the Event, Defendant refunded to Plaintiff $594.95 paid for the Tickets and associated Service Fee and Delivery Service fee.

A.    **StubHub's Misrepresentations as to the Authenticity and Validity of its Tickets**

22.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located at the URL http://www.stubhub.com/how-stubhub-works/, "When you buy tickets on StubHub, *we assure* your tickets will be *authentic* and *delivered in time for your event*." (Emphasis added.)

23.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located at the URL http://www.stubhub.com/help/?searchKeyword=Buyer Q and A, "**Are there any guarantees?** Yes! When you place your order on StubHub, *we guarantee your tickets will be authentic* and arrive in time for the event." (Emphasis added.)

24.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located at the URL http://www.stubhub.com/help/?searchKeyword=Buyer Q and A, "Important: We are not responsible for partial performances or venue, date, or time changes. However, *we guarantee your tickets will be authentic* and arrive in time for the event." (Emphasis added.)

25.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located at the URL http://www.stubhub.com/help/services/HelpTopic?nodeId=10141, "If this is your first time buying on StubHub . . . Important: We are not responsible for partial performances or venue, date, or time changes. However, *we guarantee your tickets will be authentic* and *arrive in time for the event*." (Emphasis added.)

26.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located                    at                    the                    URL http://cache1.stubhubstatic.com/promotions/scratch/pdf/StubHub_MediaKit_2011.pdf, "StubHub Fan*Protect* Guarantee – It's simple: we back every order, so *you can buy and sell tickets with 100% confidence*. For Buyers *We guarantee . . . your tickets will be authentic*, and *delivered in time for your event*." (Emphasis added.)

27.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located at the URL http://www.stubhub.com/help/services/HelpTopic?nodeId=10111, "**What we offer buyers** – Here's what we offer our buyers: **Our Buyer Fan*Protect*™ Guarantee** . . . *Your tickets will be authentic and valid for entry*." (Emphasis added.)

28.    At the time that Plaintiff purchased the Tickets, StubHub stated on its internet webpage located at the URL http://www.stubhub.com/help/services/HelpTopic?nodeId=10111, "**Dependable sellers: _StubHub sellers have a proven record of reliability that we're very proud of_**. We prequalify all sellers by requiring authorization of a valid credit card prior to listing tickets. Sellers who do not fulfill their obligations, such as failing to deliver tickets on time, will face additional fees, account suspension, and other possible penalties." (Emphasis added.)]

29.    Defendant describes and advertises its services as a "unique online marketplace, dedicated solely to tickets, [that] provides all fans the choice to buy or sell their tickets in _**a safe**_, convenient, and _**highly reliable environment**_." (*See, e.g.,* http://www.stubhub.com/press-box/; http://www.stubhub.com/sites/corpsite/?gsec=news&gact=press&article_id=11412 – October 19, 2011 Press Release. (Emphasis added.).)

30.    In reality, Defendant does not assure that the tickets purchased by consumers through its website are "authentic" or "valid for entry," nor does Defendant provide a "safe" or "highly reliable environment" where consumers can purchase tickets "with 100% confidence" that they will be authentic and valid for entry.

**B.    StubHub's "Fan_Protect_ Guarantee" Misrepresentations**

31.    On its website, StubHub advertises what it calls its "Fan_Protect_ Guarantee."

32.    Based upon information and belief, at the time that Plaintiff purchased the Tickets, StubHub stated on its internet website homepage that "[o]n StubHub, you're buying tickets from other fans, _**with our guarantee that they'll be valid and arrive on time**_." (Emphasis added.)

33.    Based upon information and belief, subsequent to Plaintiff purchasing the Tickets, StubHub altered its internet website homepage to now read, "[b]uy tickets from other fans – _**guarantee that they'll be valid and on time**_." (Emphasis added.)

34.    Based upon information and belief, at the time that the Plaintiff purchased the Tickets, StubHub stated on the page located at the URL http://www.stubhub.com/guarantee/, that "StubHub guarantees all Buyers the following:  You will not be charged until the seller confirms your order. Once confirmed, You will get your tickets in time for the event. _**Your tickets will be authentic and valid for entry**_." (Emphasis added.)

35.    Based upon information and belief, subsequent to Plaintiff purchasing the Tickets, StubHub altered the URL http://www.stubhub.com/guarantee/ to now read "[b]uy tickets from other fans – _**we guarantee that they'll be valid and on time**_." (Emphasis added.)

36.    Based upon information and belief, at the time that Plaintiff purchased the Tickets, StubHub stated on the page located at the URL www.stubhub.com/fanprotect-guarantee-legal/, that "[y]ou will get your tickets in time for the event" and "_**[y]our tickets will be authentic and valid for entry.**_" (Emphasis added.)

37.    Based upon information and belief, subsequent to Plaintiff purchasing the Tickets, StubHub altered the URL www.stubhub.com/fanprotect-guarantee-legal/ to now read, "Summary of StubHub guarantee to Buyers: You will get your tickets in time for your event, _**your tickets will be valid for entry**_." (Emphasis added.)

38.    Even though StubHub makes numerous "guarantees" on its website that a ticket purchased by a buyer will be "authentic" and "valid for entry," in reality, StubHub does not guarantee that a ticket will be "authentic" and "valid for entry" at all.

39.    Rather than clearly and affirmatively disclose to consumers that StubHub _does not or will not_ guarantee or assure that the tickets purchased through its website will actually be authentic or valid for entry, StubHub makes numerous representations that mislead consumers to believe that they can and are purchasing tickets "with 100% confidence" in a "safe," "secure," and "highly reliable environment" where all tickets are assured to be "authentic" and "valid for entry" and delivered on time.

40.    Defendant has calculated that it is more profitable to (i) mislead consumers into believing that all tickets purchased through the StubHub website will be authentic and valid for entry, when Defendant knows that not to be the case, and then, on occasions that tickets are not authentic or valid, simply refund the purchase price and fees, rather than (ii) clearly, affirmatively, and fairly disclosing to its consumers that tickets purchased through the StubHub website may not actually be authentic or valid for entry.

41.    Moreover, in those instances where tickets purchased through StubHub are not authentic or valid for entry, StubHub improperly does not make consumers whole and/or award

1  consumers the relief they are entitled to under BPC § 22502.3 of the Ticket Resale Law, described in

2  detail below (*i.e.,* two times the contracted price of the ticket, in addition to any sum expended by the

3  consumer in nonrefundable expenses for attending or attempting to attend the event). Any attempts by

4  StubHub to deprive consumers of the relief they are statutorily entitled to under BPC § 22502.3, or to

5  waive the rights of consumers as the same, are improper, unconscionable, and otherwise

6  unenforceable.

7      **C.    StubHub's "Service Fee" Scheme**

8          42.    For every ticket it sells through its website, StubHub charges the consumer who

9  purchases the ticket a fee, or commission, of up to 10% of the face value of the ticket.  This

10  commission is charged to purchasers as a mandatory "Service Fee."

11         43.    At the time that Plaintiff purchased the Tickets, StubHub described its Service Fee on

12  its          internet          webpage          located          at          the          URL

13  http://www.stubhub.com/help/services/HelpTopic?nodeId=20260, as follows:  "**Service fee**

14  StubHub's service fee is equal to 10% ($5.00 minimum per order) of the full ticket price.

15  . . . The ***service fee helps us provide a safe, secure place to buy and sell tickets***. Read about **what we**

16  **offer buyers**." (Emphasis added.)  A consumer who then clicks on the "**what we offer buyers**" link

17  is provided with the following statement from Defendant:  "If this is your first time buying on

18  StubHub . . . **Important**: We are not responsible for partial performances or venue, date, or time

19  changes. However, ***we guarantee your tickets will be authentic*** and ***arrive in time for the event***."

20  (Emphasis added.)

21         44.    In other words, through these and other misrepresentations, Defendant misleads

22  consumers to believe that payment of the Service Fee assures that tickets sold through its website will

23  be authentic and valid for entry, when in reality, it does not. Rather, tickets sold through Defendant's

24  website may not be, and oftentimes are not, authentic or valid for entry, notwithstanding the payment

25  of the Service Fee. By failing to clearly and affirmatively warn and disclose to consumers that

26  payment of the Service Fee does not assure that tickets sold through its website will be authentic or

27  valid for entry, by obscuring the true nature of the Service Fee, and by assessing the Service Fee,

28  Defendant has engaged in, and continues to engage in, unfair and deceptive business practice in

869259.5/81114.05002                                    9

1  violation of the Unfair Competition Law. This is referred to herein as the "Service Fee Scheme."

2      D.    **California Ticket Resale Law**

3      45.    BPC § 22503 defines the term "ticket seller" as "any person who for compensation,

4  commission, or otherwise sells admission tickets to sporting, musical, theatre, or any other

5  entertainment event."

6      46.    StubHub receives a commission and/or compensation of up to 10% of the face value of

7  every ticket sold on its website.

8      47.    Because StubHub receives a commission and/or compensation on the sale of every

9  ticket sold through its website, *i.e.,* the Service Fee, StubHub is a ticket seller pursuant to BPC §

10  22503. In the alternative, StubHub is a ticket seller to the extent that it facilitates, participates in,

11  and/or aids and abets the sale of tickets for which it receives a commission and/or compensation.

12      48.    BPC § 22502.2 states that:

13      It shall be unlawful for a ticket seller to represent that he or she can deliver or cause to
       be delivered a ticket at a specific price or within a specific price range and fail to
14      deliver within a reasonable time or by a contracted time the tickets at or below the
       price stated or within the range of prices stated.
15

16      49.    BPC § 22502.3 states that:

17      In addition to other remedies, a ticket seller who violates Section 22502.1 or 22502.2 and fails
       to supply a ticket at or below a contracted price or within a contracted price range shall be
18      civilly liable to the ticket purchaser for *two times the contracted price of the ticket*, in addition
       to *any sum expended by the purchaser in nonrefundable expenses for attending or*
19      *attempting to attend the event* in good faith reliance on seat or space availability, and
       reasonable attorney's fees and court costs.
20

21      50.    BPC § 22505 states that "[a] violation of any provision of this chapter shall constitute a

22  misdemeanor."

23      51.    StubHub makes numerous representations on its website that a ticket purchased by a

24  buyer will be "authentic" and "valid for entry." Those statements constitute representations that

25  StubHub can deliver or cause to be delivered a ticket at a specific price or within a specific price

26  range.

27      52.    However, StubHub failed to supply Plaintiff with a ticket to the Event that was

28  authentic and valid for entry.

1  53.    As a result, StubHub violated BPC § 22502.2 and Plaintiff is entitled to all remedies

2  under BPC § 22502.3.

3                            V.     CLASS ALLEGATIONS

4  54.    Plaintiff brings this action as a class action on behalf of herself and all others similarly

5  situated for the purpose of asserting the claims alleged in this Complaint on a common basis. Plaintiff

6  initially proposes that two subclasses be used in litigating this case: (1) the "Invalid Tickets" Class

7  Plaintiffs; and (2) the "Service Fee Scheme" Class Plaintiffs.

8  **A.     The "Invalid Tickets" Class Plaintiffs**

9  55.    The "Invalid Tickets" proposed class is defined under Federal Rules of Civil Procedure

10 ("Fed. R. Civ. P.") 23(b)(2) and (3), and Plaintiff proposes to act as representatives of that class

11 comprised of:

12   All persons, exclusive of Defendant and its employees, who purchased a ticket(s) on

13   StubHub.com from July 25, 2007 through such time in the future when the effects of

14   Defendant's violation of BPC § 22502.2 and the Unfair Competition Law, as alleged herein,

15   have ceased, that were not authentic and/or valid for entry, including but not limited to those

16   persons who (i) were denied entry to the event for which they purchased the ticket(s); (ii) were

17   expelled or prevented from sitting in the seat(s) at the event for which they purchased the

18   ticket(s); or (iii) provided the ticket(s) to third persons who in turn were denied entry to the

19   event for which the ticket(s) were purchased or were expelled or prevented from sitting in the

20   seat(s) at the event for which the ticket(s) were purchased.

21 **B.     The "Service Fee Scheme" Class Plaintiffs**

22 56.    The "Service Fee Scheme" proposed class is defined under Federal Rules of Civil

23 Procedure ("Fed. R. Civ. P.") 23(b)(2) and (3), and Plaintiff proposes to act as representatives of that

24 class comprised of:

25   All persons, exclusive of Defendant and its employees, who purchased a ticket(s) on

26   StubHub.com from July 25, 2007 through such time in the future when the effects of

27   Defendant's violation of the Unfair Competition Law, as alleged herein, have ceased, and who

28   were charged and paid a Service Fee to Defendant in connection with the purchase of the

1    ticket(s), including but not limited to those persons who (i) received ticket(s) that were

2    authentic and/or valid for entry; (ii) received ticket(s) that were not authentic and/or valid for

3    entry; and/or (iii)(a) were denied entry to the event for which they purchased the ticket(s), (b)

4    were expelled or prevented from sitting in the seat(s) at the event for which they purchased the

5    ticket(s), or (c) provided the ticket(s) to third persons who in turn were denied entry to the

6    event for which the ticket(s) were purchased or were expelled or prevented from sitting in the

7    seat(s) at the event for which the ticket(s) were purchased.

8        57.    Plaintiff does not presently know the identities of members of the "Invalid Tickets"

9    proposed class or the "Service Fee Scheme" proposed class, or the exact sizes of the proposed classes,

10   since such information is in the exclusive control of the Defendant.  Plaintiff believes that the

11   proposed classes encompass thousands of individuals whose identities can be readily ascertained from

12   StubHub's books and records.  Thus, each of the proposed classes are readily identifiable and are so

13   numerous that joinder of all members is impracticable.

14       58.    Based on Defendant's revenue and the damages available pursuant to California law,

15   the Plaintiffs believe the amount in controversy exceeds $5 million.

16       59.    All members of the proposed classes have been subject to and affected by the same

17   conduct.

18       60.    The claims of the "Invalid Tickets" proposed class are based on the same violations of

19   § 22500, *et seq.*,the UCL, the FAL and the CLRA.

20       61.    The claims of the "Service Fee Scheme" proposed class are based on the same

21   violations of the UCL, FAL, and the CLRA.

22       62.    There are questions of law and fact that are common to the Plaintiffs and the other

23   members of the "Invalid Tickets" proposed class and/or the "Service Fee Scheme" proposed class and

24   predominate over any questions affecting only individual members of the classes.  These questions

25   include, but are not limited to the following:

26            a)    Whether StubHub is a "ticket seller" within the meaning of BPC § 22503;

27            b)    Whether StubHub represented to members of the proposed class that it could

28                 deliver or cause to be delivered a ticket at a specific price or within a specific

1                  price range;

2      c)      Whether StubHub failed to deliver or cause to be delivered a ticket at or below

3                  the price stated;

4      d)      Whether StubHub's conduct described herein violates BPC § 22502.2;

5      e)      Whether StubHub's conduct described herein constitutes an unlawful act or

6                  practice in violation of the UCL;

7      f)      Whether StubHub's conduct described herein constitutes an unfair act or

8                  practice in violation of the UCL;

9      g)      Whether StubHub's conduct described herein constitutes a deceptive or

10                 fraudulent act or practice in violation of the UCL;

11      h)      Whether StubHub's conduct described herein constitutes unfair, deceptive,

12                 untrue or misleading advertising in violation of the UCL;

13      i)      Whether the Plaintiff and the other members of the Invalid Tickets class are

14                 entitled to recover two times the contracted price of a ticket pursuant to BPC §

15                 22502.3;

16      j)      Whether the Plaintiff and the other members of the Invalid Tickets class are

17                 entitled to recover sums expended by them in nonrefundable expenses for

18                 attending or attempting to attend the event in good faith reliance on seat or

19                 space availability and reasonable attorney's fees and costs pursuant to BPC §

20                 22502.3;

21      k)      Whether the Plaintiff and the other members of the Invalid Tickets class have

22                 been harmed by Defendant's acts alleged herein and, if so, what measure of

23                 restitution is proper;

24      l)      Whether Plaintiff and the other members of the Invalid Tickets class have

25                 sustained damages, and the proper measure of those damages;

26      m)      Whether permanent injunctive relief should be issued as a result of

27                 Defendant's unlawful and unfair conduct;

28      n)      Whether, and in what amount, Plaintiff and the other members of the Invalid

1    Tickets class are entitled to recover treble damages, court costs, and attorneys'

2    fees;

3    o)    Whether StubHub misleads buyers to believe that payment of the Service Fee

4    assures that tickets purchased through Defendant's website will be authentic

5    and valid for entry;

6    p)    Whether StubHub's Service Fee Scheme described herein constitutes an

7    unlawful act or practice in violation of the UCL;

8    q)    Whether StubHub's Service Fee Scheme described herein constitutes an unfair

9    act or practice in violation of the UCL;

10    r)    Whether StubHub's Service Fee Scheme described herein constitutes a

11    fraudulent act or practice in violation of the UCL;

12    s)    Whether StubHub's Service Fee Scheme described herein constitutes unfair,

13    deceptive, untrue or misleading advertising in violation of the UCL;

14    t)    Whether StubHub's acts and practices described herein constitutes unfair,

15    deceptive, untrue or misleading advertising in violation of the FAL;

16    u)    Whether StubHub's acts and practices described herein constitutes deceptive

17    practices, unlawful methods of competition and/or unfair acts in violation of

18    the CLRA;

19    v)    Whether the Plaintiffs and the other members of the Service Fee Scheme

20    proposed class have been harmed by Defendant's acts alleged herein and, if so,

21    what measure of restitution is proper;

22    w)    Whether Plaintiffs and the other members of the Service Fee Scheme proposed

23    class have sustained damages, and the proper measure of those damages;

24    x)    Whether permanent injunctive relief should be issued as a result of

25    Defendant's unlawful conduct in connection with the Service Fee Scheme; and

26    y)    Whether, and in what amount, Plaintiff and the other members of the Service

27    Fee Scheme class are entitled to recover treble damages, court costs, and

28    attorneys' fees;

z)    Whether Defendant breached its contracts with Plaintiff and members of the Service Fee Scheme and Invalid Tickets classes; and

aa)    Whether Plaintiff and members of the classes were damaged, and if so the amount of damages, as a result of Defendant's breach of contract.

63.    The claims of the individual named Plaintiff are typical of the claims of the Invalid Tickets proposed class and Service Fee Scheme proposed class and do not conflict with the interests of any other members of the proposed classes in that Plaintiff and the other members were all subjected to the same conduct.

64.    The individual named Plaintiff will fairly and adequately represent the interests of the "Invalid Tickets" Class and the "Service Fee Scheme" Class. She is committed to the vigorous prosecution of the claims of these classes and have retained attorneys who are qualified to pursue this litigation and have experience in class actions.

65.    A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

**COUNT I**

**VIOLATIONS OF TICKET RESALE LAW – BPC §22500, *ET SEQ.***

**(Against All Defendants by Plaintiff)**

66.    The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

67.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Invalid Tickets Class.

68.    BPC §22503 defines the term "ticket seller" as "any person who for compensation, commission, or otherwise sells admission tickets to sporting, musical, theatre, or any other entertainment event."

69.    StubHub receives a commission and/or compensation of up to 10% of the face value of every ticket sold on its website.

70.    Because StubHub receives a commission and/or compensation on the sale of every

869259.5/81114.05002

15

1   ticket sold through its website, *i.e.,* the Service Fee, StubHub is a ticket seller pursuant to BPC §

2   22503. In the alternative, StubHub is a ticket seller to the extent that it facilitates, participates in,

3   and/or aids and abets the sale of tickets for which it receives a commission and/or compensation.

4        71.     BPC § 22502.2 states that:

5        It shall be unlawful for a ticket seller to represent that he or she can deliver or cause to be
6   delivered a ticket at a specific price or within a specific price range and fail to deliver within a
     reasonable time or by a contracted time the tickets at or below the price stated or within the
7   range of prices stated.

8        72.     BPC § 22502.3 states that:

9        In addition to other remedies, a ticket seller who violates Section 22502.1 or 22502.2 and fails
     to supply a ticket at or below a contracted price or within a contracted price range shall be
10   civilly liable to the ticket purchaser for two times the contracted price of the ticket, in addition
     to any sum expended by the purchaser in nonrefundable expenses for attending or attempting
11   to attend the event in good faith reliance on seat or space availability, and reasonable
12   attorney's fees and court costs.

13        73.     StubHub makes numerous "guarantees" on its website that a ticket purchased by a

14   buyer will be "authentic" and "valid for entry." Those statements constitute representations that

15   StubHub can deliver or cause to be delivered a ticket at a specific price or within a specific price

16   range.

17        74.     StubHub failed to deliver to Plaintiff and other members of the "Invalid Tickets" Class

18   tickets at a specific price because Plaintiff and other Class Members were denied entry or expelled

19   from their seats for the events for which they purchased tickets.

20        75.     StubHub's failure to deliver to Plaintiff and other members of the "Invalid Tickets"

21   Class tickets at a specific price is a violation of BPC § 22502.2.

22        76.     As a result, Plaintiff and other members of the "Invalid Tickets" Class are entitled to

23   damages equal to two times the contracted price of the ticket, in addition to any sum expended by

24   them in nonrefundable expenses for attending or attempting to attend the event in good faith reliance

25   on seat or space availability, and reasonable attorney's fees and court costs.

26

27

28

869259.5/81114.05002

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT II

### VIOLATIONS OF UNFAIR COMPETITION LAW – BPC § 17200, *ET SEQ.*

#### (Against All Defendants by Plaintiff)

77.     The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

78.     Plaintiff brings this cause of action on behalf of herself and on behalf of Invalid Tickets and Service Fee Scheme Classes.  Plaintiff and members of the classes have suffered injury and lost money or property as a result of the unfair competition alleged herein.

79.     California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . ."

80.     Defendant has engaged in unfair, unlawful and fraudulent business practices as set forth herein.  The conduct of StubHub alleged herein violates the UCL, in that the representations StubHub makes on its website regarding the fact that tickets sold on its site are "authentic and valid for entry" or "valid for entry" are unlawful, unfair or fraudulent and are representations that violate BPC § 22502.2.  The representations as made on the website and in Defendant's press releases are also unfair, deceptive, untrue or misleading advertising.

81.     Furthermore, Defendant's actions described herein are unlawful as BPC § 22505 states that "[a] violation of any provision of this chapter shall constitute a misdemeanor" and a violation of the UCL.

82.     Defendant's "Service Fee Scheme" described herein is an unfair, deceptive, or fraudulent business act or practice.

83.     Defendant engages in an unfair, deceptive, and/or fraudulent business practice by failing to provide consumers the relief to which they are entitled to by statute under BPC § 22502.3 in those instances where tickets purchases through StubHub are not authentic or valid for entry, and instead only refunding the ticket purchase price and fees. In other words, Defendant's "guarantee" is nothing more than a partial refund that fails to comply with, and improperly circumvents, the statutory minimum requirements of BPC § 22502.3.  Any attempts by StubHub to deprive consumers of the relief they are statutorily entitled to under BPC § 22502.3, or to waive the rights of consumers as the

1    same, are improper, unconscionable, and otherwise unenforceable.

2        84.    Pursuant to the UCL, conduct is unfair under the UCL if: (1) the consumer injury is
3    substantial; (2) the consumer injury is not outweighed by any countervailing benefits to consumers or
4    competition; and (3) the consumer injury could not reasonably have been avoided by consumers.

5        85.    As alleged herein, members of the Invalid Tickets Class have been substantially injured
6    in an amount to be proven at trial because they purchased through Defendant, and were charged for,
7    tickets that were not authentic and/or valid for entry to the event and (i) were denied entry to the event
8    for which they purchased the ticket(s); (ii) were expelled or prevented from sitting in the seat(s) at the
9    event for which they purchased the ticket(s); or (iii) provided the ticket(s) to third persons who in turn
10   were denied entry to the event for which the ticket(s) were purchased or were expelled or prevented
11   from sitting in the seat(s) at the event for which the ticket(s) were purchased.  Member of the Invalid
12   Tickets Class also expended non-reimbursable expenses in connection with the attendance, or attempt
13   to attend, the said events.

14       86.    As alleged herein, members of the Service Fee Scheme Class have been substantially
15   injured in an amount to be proven at trial because they were charged a Service Fee that, contrary to
16   misleading statements made by Defendant, does not assure that tickets purchased through Defendant's
17   website will be authentic and valid for entry and/or does not guarantee that the tickets purchased
18   through Defendant's website will be authentic and valid for entry.

19       87.    There are no countervailing benefits to the consumer or to competition in StubHub
20   making misleading statements that consumers are purchasing tickets in a "safe," "secure," and "highly
21   reliable environment" where all tickets are "guaranteed" to be "authentic" and "valid for entry" and
22   can be purchased by consumers "with 100% confidence," or in making misleading statements in
23   connection with its Service Fee and Service Fee Scheme as detailed herein.  Therefore, the injuries
24   sustained by consumers are not outweighed by any countervailing benefits to consumers or to
25   StubHub's competitors.

26       88.    Defendant's acts and practices have and/or are likely to deceive members of the
27   consuming public.  Specifically, the conduct of StubHub alleged herein violates the UCL, in that a
28   reasonable consumer is likely to be deceived into thinking that the tickets sold on StubHub will be

1  "authentic" and "valid for entry."  In reality, StubHub does not assure that all tickets it sells on its

2  website will be valid for entry.  As to the Service Fee Scheme, a reasonable consumer is likely to be

3  deceived into thinking that payment of the Service Fee to Defendant will assure  that the tickets

4  purchased are "authentic" and "valid for entry," when, in fact, it does not.

5       89.    By engaging in the acts and practices described herein, Defendant has committed one

6  or more acts of unfair competition within the meaning of the UCL.

7       90.    Defendant's acts and practices are unlawful and unfair because they violate Civil Code

8  §§ 1572, 1709, 1710, Business & Professions Code §§ 17500, *et seq.,* 22500, *et seq.*

9                              **COUNT III**

10  **VIOLATIONS OF FALSE ADVERTISING LAW – BPC § 17500, *ET SEQ.***

11                  **(Against All Defendants by Plaintiff)**

12       91.    The preceding allegations are re-alleged and incorporated by reference as if fully set

13  forth herein.

14       92.    Plaintiff brings this cause of action on behalf of herself, and on behalf of the Invalid

15  Tickets Class and Service Fee Scheme Class.  Plaintiff has suffered an injury in fact and has lost

16  money or property as a result of Defendant's violations of the Business & Professions Code § 17500,

17  *et seq.*

18       93.    The False Advertising Law (BPC § 17500, *et seq.*) prohibits an untrue or misleading

19  statement concerning a product or service offered for sale, and violation of the False Advertising Law

20  necessarily violates the UCL.

21       94.    An advertisement that fails to disclose information or that is ambiguous or is partially,

22  or even literally, true may is a violation of the False Advertising Law when members of the public are

23  likely to be deceived by it.

24       95.    Defendant has engaged in the advertising and marking alleged herein with an intent to

25  directly or indirectly induce the purchase of tickets through its website since at least 2008.  Examples

26  of Defendant's false and misrepresentative advertisements made on its website and in press releases

27  are set forth in the above "Factual Allegations."

28       96.    Defendant's false and misrepresentative advertisements were part of a scheme to

1  mislead StubHub customers and each misrepresentation to each customer conformed to that scheme.

2       97.    At the time that Defendant made and disseminated the statements alleged herein, it

3  knew or reasonably should have known that the statement were untrue or misleading, and acted in

4  violation of Business & Professions Code § 17500, *et seq.* Indeed, Defendant actively concealed the

5  true facts and the likelihood of purchasing invalid tickets.

6       98.    Members of the public, including Plaintiff and members of the Invalid Tickets Class

7  and Service Fee Scheme Class, were likely to be deceived by Defendant's false and misrepresentative

8  advertisements.

9       99.    Plaintiff, on behalf of herself and the Invalid Tickets Class and Service Fee Scheme

10 Class, seek relief as prayed for below.

11 **COUNT IV**

12 **FRAUD**

13 **(Against All Defendants by Plaintiff)**

14      100.    The preceding allegations are re-alleged and incorporated by reference as if fully set

15 forth herein.

16      101.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Invalid

17 Tickets Class and the Service Fee Scheme Class.

18      102.    The misrepresentations, nondisclosure, and/or concealment of material facts made by

19 Defendants to Plaintiff and members of the Invalid Tickets Class regarding the authenticity and

20 validity of tickets sold through Defendant's website, as set forth in the above "Factual Allegations,"

21 were known by Defendant to be false and material and were intended by Defendant to mislead

22 Plaintiff and members of the Invalid Tickets Class regarding the Class regarding the authenticity and

23 validity of tickets sold through Defendant's website.

24      103.    The misrepresentations, nondisclosure, and/or concealment of material facts made by

25 Defendants to Plaintiff and members of the Service Fee Scheme Class, as set forth in the above

26 "Factual Allegations," were known by Defendant to be false and material and were intended by

27 Defendant to mislead Plaintiff and members of the Service Fee Scheme Class to believe that payment

28 of the Service Fee assured that tickets sold through its website will be authentic and valid for entry.

1       104.    Plaintiffs and members of the Invalid Tickets Class and Service Fee Scheme Class

2  were actually misled and deceived and were induced by Defendant to purchase tickets through

3  Defendant's website and to pay the Service Fee.

4       105.    As a result of the conduct of Defendant, Plaintiff and members of the Invalid Tickets

5  Class have been damaged by purchasing tickets through Defendant that were not authentic or valid for

6  entry.

7       106.    As a result of the conduct of Defendant, Plaintiff and members of the Service Fee

8  Scheme Class have been damaged by having incurred the Service Fee.

9       107.    Plaintiff and members of the Invalid Tickets Class and Service Fee Scheme Class seek

10  punitive or exemplary damages pursuant to California Civil Code section 3294 in that Defendant

11  engaged in an "intentional misrepresentation, deceit, or concealment of a material fact known to the

12  [D]efendant with the intention on the part of the [D]efendant of thereby depriving a person of property

13  or legal rights or otherwise causing injury."

14  **COUNT V**

15  **NEGLIGENT MISREPRESENTATION**

16  **(Against All Defendants by Plaintiff)**

17       108.    The preceding allegations are re-alleged and incorporated by reference as if fully set

18  forth herein.

19       109.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Invalid

20  Tickets Class and the Service Fee Scheme Class.

21       110.    The misrepresentations, nondisclosure, and/or concealment of material facts made by

22  Defendants to Plaintiff and members of the Invalid Tickets Class regarding the authenticity and

23  validity of tickets sold through Defendant's website, as set forth in the above "Factual Allegations,"

24  were known by Defendant, or in the exercise of reasonable diligence should have been known by

25  Defendant, to be false and material and would mislead Plaintiff and members of the Invalid Tickets

26  Class regarding the Class regarding the authenticity and validity of tickets sold through Defendant's

27  website.

28       111.    The misrepresentations, nondisclosure, and/or concealment of material facts made by

1  Defendants to Plaintiff and members of the Service Fee Scheme Class, as set forth in the above

2  "Factual Allegations," were known by Defendant, or in the exercise of reasonable diligence should

3  have been known by Defendant, to be false and material and would mislead Plaintiff and members of

4  the Service Fee Scheme Class to believe that payment of the Service Fee assured that tickets sold

5  through its website will be authentic and valid for entry.

6      112.    Plaintiffs and members of the Invalid Tickets Class and Service Fee Scheme Class

7  justifiably relied on Defendants' misrepresentations in purchasing tickets through Defendant's website

8  and paying the Service Fee.

9      113.    Defendant knew, or in the exercise of reasonable diligence should have known, that

10  Plaintiff and members of the Invalid Tickets Class and Service Fee Scheme Class would rely on these

11  misrepresentations.

12      114.    As a result of the conduct of Defendant, Plaintiff and members of the Invalid Tickets

13  Class have been damaged by purchasing tickets through Defendant that were not authentic or valid for

14  entry.

15      115.    As a result of the conduct of Defendant, Plaintiff and members of the Service Fee

16  Scheme Class have been damaged by having incurred the Service Fee.

17  **COUNT VI**

18  **BREACH OF EXPRESS CONTRACT**

19  **(Against All Defendants by Plaintiff)**

20      116.    The preceding allegations are re-alleged and incorporated by reference as if fully set

21  forth herein.

22      117.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Invalid

23  Tickets Class and the Service Fee Scheme Class.

24      118.    Under the Uniform Electronic Transactions Act, California Civil Code § 1633.1, *et*

25  *seq.*, Plaintiff and the Invalid Tickets Class and the Service Fee Scheme Class entered into valid

26  written contracts with Defendant through Defendant's electronic agent.

27      119.    Plaintiff and members of the Classes completed performance of the contract by

28  tendering the amount due to Defendant at the time of execution of the contract.

120.    Defendant breached the contract by failing to provide the promised goods and/or services in that the tickets which Defendant, through its electronic agent, sold to Plaintiff and other class members were not authentic and were not honored at the event.

121.    Defendant's breach was the proximate and direct cause of Plaintiff and the class members' injuries.

122.    Plaintiff and all class members have been damaged as the result of Defendant's breach of said agreements in the amount of the purchase price of the tickets, plus consequential damages.

## COUNT VII

## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT,

## CIVIL CODE § 1750, *ET SEQ.*

### (Against All Defendants by Plaintiff)

123.    The preceding allegations are re-alleged and incorporated by reference as if fully set forth herein.

124.    Plaintiff brings this cause of action on behalf of herself and on behalf of the Invalid Tickets Class and the Service Fee Scheme Class.

125.    Defendant has engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civil Code § 1750, *et seq.* to the detriment of Plaintiff, members of the general public, the Invalid Tickets Class, and the Service Fee Scheme Class.

126.    Plaintiff, the general public and members of the Invalid Tickets Class and the Service Fee Scheme Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

127.    Defendant intentionally, knowingly, and unlawfully perpetrated harm upon Plaintiff as detailed herein. Defendant's actions have violated the following provisions of the CLRA:

    a.  Civil Code § 1770(a)(2): Misrepresenting the source, sponsorship, approval, or certification of goods or services;

    b.  Civil Code § 1770(a)(3): Misrepresenting the affiliation, connection, or association with, or certification by, another;

    c.  Civil Code § 1770(a)(5): Representing that goods or services have

sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

d.  Civil Code § 1770(a)(7):  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another;

e.  Civil Code § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised;

f.  Civil Code § 1770(a)(14): Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited;

g.  Civil Code § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not;

h.  Civil Code § 1770(a)(18): Misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer.

128.    Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent and malicious.  The gravity of harm to all consumers and to the general public resulting from Defendant's policies and practices far outweighs any purported utility those policies and practices have.

129.    Pursuant to Civil Code § 1780(a), Plaintiff seeks an order enjoining Defendant from engaging in the methods, acts or practices alleged herein.

130.    Pursuant to Civil Code § 1782, Plaintiff provided Defendant with notice of the allegations contained herein on March 12, 2012, should Defendant fail to rectify its illegal acts within 30 days of the receipt of the same, Plaintiff intends to amend this Complaint to add claims for: actual damages, restitution of money to Plaintiff and the members of the Invalid Tickets Class and the Service Fee Scheme Class, punitive damages, attorneys' fees and costs; and other relief that this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court enter judgment against Defendant

as follows:

a.   For an Order certifying this case as a class action against Defendant and appointing Plaintiff as Representative of the "Invalid Ticket" Class and "Service Fee Scheme" Class;

b.   For an order appointing Counsel for Plaintiff as class counsel;

c.   For permanent injunctive relief to enjoin further violations of the law, including ordering StubHub to adequately warn and disclose that (i) the tickets purchased on its website may not be authentic, may not allow for entry into the event and/or may result in persons being expelled or prevented from occupying their seat(s) at the event; and (ii) payment and/or collection of the Service Fee will not assure that the tickets purchased from StubHub will be authentic or valid for entry;

d.   For permanent injunctive relief to enjoin further violations of the law, including, ordering StubHub, in those instances where tickets purchased through StubHub are not authentic or valid for entry, to offer consumers the statutory relief they are entitled to under BPC § 22502.3 of the Ticket Resale Law (*i.e.,* two times the contracted price of the ticket, in addition to any sum expended by the consumer in nonrefundable expenses for attending or attempting to attend the event);

e.   Awarding the Plaintiff and the members of the "Invalid Ticket" Class two times the contracted price of tickets purchased, in addition to any sums expended by Plaintiffs and the classes in nonrefundable expenses for attending or attempting to attend the event;

f.   Awarding Plaintiff and the "Invalid Ticket" Class restitution for the Defendant's prior acts and practices;

g.   Awarding Plaintiff and the "Service Fee Scheme" Class restitution for Defendant's prior acts and practices and disgorgement of all Service Fee moneys collected by Defendant from the members of the Service Fee Scheme Class;

h.   Upon the Sixth Count for Breach of Contract for monetary and consequential damages;

i.    Upon the Seventh Count for Violation of the Consumer Legal Remedies Act an Order enjoining Defendant from engaging in the wrongful practices alleged herein, including ordering StubHub to adequately warn and disclose that (i) the tickets purchased on its website may not be authentic, may not allow for entry into the event and/or may result in persons being expelled or prevented from occupying their seat(s) at the event; and (ii) payment and/or collection of the Service Fee will not assure that the tickets purchased from StubHub will be authentic or valid for entry;

j.    Awarding Plaintiff and all classes reasonable attorney's fees and costs;

k.    For prejudgment interest to the extent allowed by law;

l.    For punitive damages as allowed by law;

m.    For penalties as allowed by law; and

n.    Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and all persons similarly situated hereby demand a trial by jury.

DATED: March 12, 2012

LAW OFFICE OF PETER M. HART
LAW OFFICE OF KENNETH H. YOON, APC

By: _Peter Hart_

Peter M. Hart
Kenneth H. Yoon
Attorneys for Plaintiff and the Class