United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

CELINA Z. PORRAS, as an individual, and
on behalf of all others similarly situated,

Plaintiff,

v.

STUBHUB, INC. and DOES 1 through 100,
inclusive

Defendants.
_____/

No. C 12-1225 MMC

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS; CONTINUING
CASE MANAGEMENT CONFERENCE**

18      Before the Court is defendant StubHub, Inc.'s ("StubHub") Motion to Dismiss, filed

19   April 30, 2012.  Plaintiff Celina Z. Porras ("Porras") has filed opposition, to which StubHub

20   has replied.  Having read and considered the papers filed in support of and in opposition to

21   the motion, the Court rules as follows.[1]

22                                    **BACKGROUND**

23      Stubhub is an "online marketplace for the resale and purchase of tickets to

24   sporting events, concerts, theater shows, and other live entertainment events."  (Compl. ¶

25   14.)  On November 10, 2011, Porras purchased two tickets to the December 19, 2011

26   football game between the San Francisco 49ers and the Pittsburgh Steelers at Candlestick

27   _____

28         [1] By order filed August 10, 2012, the Court deemed the matter appropriate for
decision on the parties' respective filings and vacated the hearing scheduled for August 17,
2012.

1  Park in San Francisco, California, from a third-party seller through StubHub's website.

2  (See id. ¶ 15.)  Porras paid $530.00 for the tickets, delivery fees of $11.95, and service

3  fees of $53.00, for a total of $594.95.  (See id. ¶¶ 16-18.)  In order to attend the event,

4  Porras paid an additional $442.80 for two round-trip plane tickets from Los Angeles to San

5  Francisco.  (See id. ¶ 19.)

6       On December 19, 2011, Porras initially was granted entrance, but was removed by

7  security "approximately half-way" through the event and told her tickets were invalid.  (See

8  id. ¶ 20.)  After the event, Porras complained to StubHub, and received a refund of

9  $594.95, constituting the ticket price and all service and delivery fees.  (See id. ¶ 21.)

10       In her complaint, Porras alleges that StubHub "makes numerous misrepresentations

11  and 'guarantees' on its website that a ticket purchased by a buyer will be 'authentic,' and

12  'valid for entry,' when, in fact, [StubHub] delivers tickets that are not authentic or valid."

13  (See id. ¶ 1.)  Additionally, Porras alleges, "[StubHub] misleads consumers to believe that

14  payment of the Service Fee assures that tickets sold through its website will be authentic

15  and valid for entry, when in reality, it does not."  (See id. ¶ 44.)

16       Porras further alleges that StubHub's "FanProtect Guarantee," as described on

17  StubHub's website, is misleading because it implies that all tickets purchased on StubHub

18  will be valid for entry.  (See id. ¶¶ 40-41.)

19       Based on the above allegations, Porras brings claims, on behalf of two putative

20  classes, asserting (1) violation of California's ticket seller statute, Cal. Bus. & Prof. Code §§

21  22500, et seq., (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code

22  §§ 17200, et seq., (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code

23  §§ 17500, et seq., (4) fraud, (5) negligent misrepresentation, (6) breach of express

24  contract, and (7) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§

25  1750, et seq.  (See Compl. ¶¶ 66-130.)

26  **LEGAL STANDARD**

27       Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

28  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

1   cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

2   1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

3   showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S.

4   544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by

5   a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id.

6   Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

7   requires more than labels and conclusions, and a formulaic recitation of the elements of a

8   cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

9       In analyzing a motion to dismiss, a district court must accept as true all material

10  allegations in the complaint, and construe them in the light most favorable to the

11  nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

12  "To survive a motion to dismiss, a complaint must contain sufficient factual material,

13  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

14  129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations

15  must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S.

16  at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual

17  allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

18      Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

19  material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

20  F.2d 1542, 1555 n. 19 (9th Cir. 1990). Documents whose contents are alleged in the

21  complaint, and whose authenticity no party questions, but which are not physically attached

22  to the pleading, however, may be considered. See Branch v. Tunnell, 14 F.3d 449, 454

23  (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d

24  1119 (9th Cir. 2002). In addition, a district court may consider any document "the

25  authenticity of which is not contested, and upon which the plaintiff's complaint necessarily

26  relies," regardless of whether the document is referenced in the complaint. See Parrino v.

27  FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

28  //

**DISCUSSION**

**A.  California's Ticket Seller Statute**

California's ticket seller statute makes it "unlawful for a ticket seller to represent that he or she can deliver or cause to be delivered a ticket at a specific price or within a specific price range and to fail to deliver within a reasonable time or a contracted time the tickets at or below the price stated."  See Cal. Bus. & Prof. Code § 22502.2.  The statute defines a "ticket seller" as "any person who for compensation, commission, or otherwise sells admission tickets to sporting, musical, theatre, or any other entertainment event," see id. § 22503, and further provides for statutory damages of "two times the contracted price of the ticket, in addition to any sum expended by the purchaser in nonrefundable expenses for attending or attempting to attend the event in good faith reliance on seat or space availability, and reasonable attorney's fees and court costs," see id. § 22502.3.

StubHub argues it is not a "ticket seller," but is instead "an online platform that provides a virtual marketplace for buyers and sellers to engage in ticket resale transactions."  (See Mot. at 8:22-24.)  Porras argues StubHub qualifies as a "ticket seller" because it requires buyers to make payments directly to StubHub and arranges for sellers to deliver the tickets.

Contrary to her arguments made in opposition to the instant motion, Porras's allegations show that StubHub is a virtual marketplace allowing users to purchase tickets from anonymous third parties.  In particular, Porras alleges StubHub is an "online marketplace" and that she bought the tickets "through" StubHub's website.  (See Compl. ¶¶ 14-15.)  Porras's allegations also make clear that StubHub's website contains statements disclosing that users purchase tickets not from StubHub but, rather, from third parties. (See Compl. ¶ 32 (alleging that at time Porras purchased her tickets, StubHub's website stated: "On StubHub, you're buying tickets from other fans"); id. ¶ 33 (alleging that subsequent to time Porras purchased her tickets, StubHub's website stated: "Buy tickets from other fans").  Given such circumstances, other courts have found, under similar ticket seller statutes, that StubHub is an online marketplace and not a ticket seller.  See Fabozzi

4

v. StubHub, Inc., No. C-11-4385, 2012 WL 506330, at *1 n.1 (N.D. Cal. Feb. 15, 2012) (holding, under Pennsylvania's ticket seller statute, "StubHub does not actually buy or sell tickets; rather, it is a marketplace for third-party users to buy and sell tickets."); Hill v. StubHub, Inc., 727 S.E.2d 550, 552, 564 (N.C. App. 2012) (noting "StubHub operates an online marketplace that enables third parties to buy and sell tickets to sporting contests, concerts, and similar events"; holding under North Carolina's ticket seller statute, "the undisputed evidence establishes that [StubHub] was neither a ticket seller nor the ticket seller's agent").

Porras contends StubHub's business model nonetheless is covered by California's ticket seller statute as a form of "ticket brokering."  See Senate Comm. on Bus. and Prof., Analysis of Assem. Bill 3083, at 3 (1993-1994 Reg. Sess.), June 13, 1994 (stating "ticket brokers" constitute "ticket sellers"; describing "ticket brokers" as individuals or entities "in the business to buy event tickets from private ticket holders and then resell these tickets at a price to cover their commissions"); see also Cal. Bus. & Prof. Code § 22502.1 (prohibiting "ticket seller" from contracting for sale of tickets unless ticket seller "has a written contract to obtain the offered ticketed at a certain price from a person in possession of the ticket or from a person who has a contractual right to obtain the ticket from the primary contractor").

As discussed above, however, StubHub does not buy tickets and resell them at a higher price, or at any price.  Rather, StubHub provides a medium for third parties to sell tickets.  Consequently, StubHub is not a "ticket broker."

Consequently, StubHub is not a "ticket seller," and, accordingly, Porras's claim under California's ticket seller statute is subject to dismissal.

**B. California's Unfair Competition Law**

**1. Standing**

California's Unfair Competition Law ("UCL") prohibits business acts or practices that are "unlawful, unfair or fraudulent."  See Cal. Bus. & Prof. Code § 17200.

At the outset, StubHub argues that, because StubHub completely refunded the ticket price and fees Porras paid, Porras suffered no injury, and thus does not have standing to

1    bring a claim under California's Unfair Competition Law ("UCL").  Specifically, StubHub

2    argues, Porras cannot show she has been injured "as a result of" its conduct.  See Cal.

3    Bus. & Prof. Code § 17204 (providing "[a]ctions for relief pursuant to [the UCL] shall be

4    prosecuted . . . by . . . a person who has suffered injury in fact and has lost money or

5    property as a result of the unfair competition").

6          As Porras points out, however, she has alleged she paid an additional $442.80 in

7    uncompensated travel expenses.  (See Compl. ¶ 19.)  Given such additional expenditure,

8    the Court finds Porras has adequately alleged damages.  See, e.g., Steele v. Hospital

9    Corp. of America, 36 F.3d 69, 70 (9th Cir. 1994) (holding "proof of concrete financial loss"

10   establishes standing) (internal quotation and citation omitted).[2]

11         The Court next turns to the three "prongs" of the UCL.  See Rubio v. Capital One

12   Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) (separately analyzing each "prong" of the UCL).

13         **2. Unlawful Practice**

14         Porras alleges StubHub's conduct is "unlawful" because it violates California's ticket

15   seller statute.  (See Compl. ¶¶ 81-83.)  The unlawful prong "borrows" violations of other

16   law, including "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-

17   made" law.  See Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994).  As

18   discussed above, Porras has not alleged facts sufficient to plead a violation of California's

19   ticket seller statute, nor has Porras alleged facts demonstrating any other violation

20   available to be "borrowed" by the UCL.  See Dorado v. Shea Homes Ltd. Partnership, No.

21   1:11-cv-01027 OWW SKO, 2011 WL 3875626, at *19 (holding "[w]here a plaintiff cannot

22   state a claim under the 'borrowed' law, she cannot state a UCL claim" under the "unlawful"

23   prong) (citing Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 718

24   _____

25         [2] For the same reason, the Court finds unpersuasive StubHub's argument that
     Porras lacks standing to assert claims under the False Advertising Law, see Cal. Bus. &
26   Prof. Code § 17535 (providing "[a]ctions . . . may be prosecuted by . . . any person who has
     suffered injury in fact and has lost money or property as a result of a violation of [the
27   FAL]"), and Consumer Legal Remedies Act, see Cal. Civ. Code § 1780(a) (providing "[a]ny
     consumer who suffers any damage as a result of the use or employment by any person of
28   a method, act, or practice declared to be unlawful by [the CLRA] may bring an
     action . . . .").

(2001)).

Consequently, Porras has failed to state a claim under the UCL's unlawful prong.

### 3. Unfair Practice

"An act or practice is unfair [under the UCL] if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided."  See Daugherty v. American Honda Motor Co., Inc., 144 Cal. App. 4th 824, 839 (2006).  Put another way, an act or practice is "unfair" when it is "immoral, unethical, oppressive, unscrupulous, or substantially injurious."  See Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1260-61 (2006).  Porras alleges StubHub's conduct was "unfair" because StubHub represents it guarantees tickets sold through its site to be authentic and Porras "w[as] charged for . . . tickets that were not authentic and/or valid for entry."  (See Compl. ¶ 85.)

StubHub, however, discloses on its website the terms of all transactions as follows:

> If tickets are invalid and not honored by the venue:
>
> In the event the [b]uyer encounters any problems at the venue, the [b]uyer is encouraged to call StubHub Customer Service . . . for assistance.  If the [b]uyer contacts StubHub from the venue at the time of the event, StubHub will attempt to locate comparable replacement tickets for the buyer.  If replacement tickets cannot be found, or if the [b]uyer was not able to contact StubHub before the event, . . . StubHub will issue the [b]uyer a refund for the full cost of the tickets, including service fees and shipping and handling charges.

(See Hochstadt Decl. Ex. H.)[3]  An ordinary consumer reading the terms of StubHub's FanProtect Guarantee would recognize such guarantee would not exist unless there was a possibility that the tickets purchased might not be valid for entry.  Moreover, Porras

_____

[3] Porras objects to the screenshots of StubHub's website attached to the Hochstadt Declaration as "material beyond the pleadings" that may not be considered on a motion to dismiss.  See Hal Roach Studios, Inc., 896 F.2d at 1555 n.19.  As noted, however, courts may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  See Branch, 14 F.3d at 454.  Here, Porras has alleged in her complaint numerous statements made by StubHub on its website, including the FanProtect Guarantee.  Accordingly, Porras's evidentiary objections to exhibit H of the Hochstadt Declaration are hereby DENIED.  See Fabozzi v. StubHub, Inc., No. 11-cv-4385 (EMC), 2012 WL 506330, at *6 (N.D. Cal. Feb. 15, 2012) (considering, on motion to dismiss, StubHub's submission of "numerous screenshots of its website").

concedes that "StubHub's . . . FanProtect Guarantee acknowledges that tickets may not be valid or authentic" (see Opp. at 17:27-28); additionally, Porras alleges she received from StubHub a full refund of the amounts paid for the tickets (see Compl. ¶ 21). Under such circumstances, StubHub's conduct cannot be deemed "immoral, unethical, oppressive, unscrupulous, . . . substantially injurious" or otherwise "unfair" under the UCL. See Bardin 136 Cal. App. 4th at 1260-61. Cf. Fabozzi, 2012 WL 506330 at *8 (dismissing claim under UCL's "unfair" prong where plaintiff alleged violation of Pennsylvania statute requiring retail ticket prices be printed on face of ticket; holding "StubHub's repeated disclosures informing consumers that they may be paying more than face value for their tickets . . . undermine [p]laintiff's theory of harm").

Consequently, Porras has failed to state a claim under the UCL's "unfair" prong.

### 4. Fraudulent Practice

To state a claim under the "fraudulent" prong of the UCL, Porras must allege facts showing "reasonable members of the public are likely to be deceived." See Rubio, 613 F.3d at 1204 (internal quotation and citation omitted). Porras contends StubHub's use of the terms "guarantee," "100% confidence," "authentic," and "valid" is misleading and confusing.

Contrary to Porras's contention, StubHub's FanProtect Guarantee, as disclosed on its website, makes clear what StubHub guarantees. In the event the purchaser is denied entry, StubHub promises to attempt to find replacement tickets and, if unsuccessful in that endeavor, to issue a full refund. (See Hochstadt Decl. Ex. H); see also Fabozzi, 2012 WL 506330, at *6 (dismissing claim under UCL's "fraudulent" prong where "Stubhub ha[d] submitted numerous screenshots of its website demonstrating that it effectively disclose[d] the information [p]laintiff allege[d] it conceal[ed]").

Consequently, Porras has failed to state a claim under the UCL's "fraudulent" prong, and, as discussed above, Porras has failed to state a claim under either of the UCL's other prongs; accordingly, Porras's claim under the UCL is subject to dismissal.

//

1

**C.  California's False Advertising Law**

2         Under California's False Advertising Law ("FAL"), it is unlawful for an individual or

3    entity to make any "untrue or misleading" statement to induce the public to purchase goods

4    or services.  See Cal. Bus. & Prof. § 17500.  The FAL prohibits statements made in such a

5    way "that it is probable that a significant portion of the general consuming public or of

6    targeted consumers, acting reasonably in the circumstances, could be misled." See Lavie

7    v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003).  Porras alleges StubHub

8    violated the FAL by "actively conceal[ing] the true facts and the likelihood of purchasing

9    invalid tickets."  (See Compl. ¶ 97.)

10        As discussed above, StubHub's website clearly sets forth the terms of the

11   FanProtect Guarantee, specifically, that StubHub would refund the purchaser's payment of

12   the ticket price and fees if the tickets were invalid and could not be replaced.  Given

13   StubHub's express acknowledgment that the tickets might be invalid, available for

14   purchasers to review on StubHub's website, StubHub's statements cannot be deemed

15   "untrue or misleading."  See  See Cal. Bus. & Prof. § 17500; see, e.g., Ford v. Hotwire, Inc.,

16   No. 07-cv-1312 (HNLS), 2008 WL 5874305, at *4 (S.D. Cal. Feb. 25, 2008) (dismissing

17   FAL claim based on allegedly concealed fact that users of website might have to pay resort

18   fees; holding "Hotwire adequately discloses that resort fees may be imposed, such that a

19   reasonable customer is not likely to be deceived").

20        Consequently, Porras has failed to state a claim under the FAL, and, accordingly,

21   said claim is subject to dismissal.

22

**D.  California's Consumer Legal Remedies Act**

23        It is a violation of California's Consumer Legal Remedies Act ("CLRA") for an

24   individual or entity to use any "method, act, or practice" made unlawful thereunder.  See

25   Cal. Civ. Code § 1780.  In her complaint, Porras alleges StubHub violated numerous

26   sections of the CLRA, but in her opposition relies only on three of those sections: (1)

27   § 1770(a)(9), prohibiting "[a]dvertising goods or services with intent not to sell them as

28   advertised"; (2) § 1770(a)(14), prohibiting "[r]epresenting that a transaction confers or

involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law"; and (3) § 1770(a)(18), prohibiting "[m]isrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer." (See Compl. ¶ 127; Opp. at 18:22-28.)

Each of said violations, as well as each of the other violations alleged in the complaint, requires some form of misrepresentation, either as to the character of services provided or as to some other aspect of the transaction. (See Compl. ¶ 127.) As discussed above, StubHub fully discloses the terms of transactions consummated through its website, including the fact that tickets may not be valid for entry, and has acted in accordance with its FanProtect Guarantee by refunding Porras's ticket price and fees. (See Compl. 21.)

Consequently, Porras has failed to state a claim under the CLRA, and, accordingly, said claim is subject to dismissal.

**E. Fraud and Negligent Misrepresentation**

To state a claim of fraud, Porras must allege facts showing "[1] misrepresentation (false representation, concealment, or nondisclosure); [2] knowledge of falsity (or 'scienter'); [3] intent to defraud, i.e., to induce reliance; [4] justifiable reliance; and [5] resulting damage." See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). To state a claim for negligent misrepresentation, Porras must allege facts showing "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." See Glenn K. Jackson Inc v. Roe, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001). "In alleging fraud . . . a party must stated with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).

StubHub argues Porras's claims of fraud and negligent misrepresentation both fail for the same reason, specifically, a failure to allege facts showing a misrepresentation, reliance thereon, and injury. In support of her claims, Porras relies on the same allegedly misleading representations discussed above. As discussed above, however, the Court has

1    found such allegations fail to set forth facts demonstrating a misrepresentation.

2         Consequently, Porras has failed to state a claim of either fraud or negligent

3    misrepresentation, and, accordingly, said claims are subject to dismissal.

4         **F.  Breach of Contract**

5         To state a claim for breach of contract, Porras must allege "the existence of the

6    contract, performance by the plaintiff or excuse for nonperformance, breach by the

7    defendant and damages."  See First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th

8    731, 745 (2001).  "The goal of contract interpretation is to give effect to the mutual intention

9    of the parties, which is to be inferred, if possible, solely from the written provisions of the

10   contract."  See Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215, 1219 (N.D. Cal. 2011).

11   Here, Porras alleges, StubHub "breached the contract by failing to provide the promised

12   goods and/or services in that the tickets which [the seller], through its electronic agent, sold

13   to [Porras] . . . were not authentic."  (See Compl. ¶ 120.)

14        As noted, Porras's purchase of tickets was subject to StubHub's FanProtect

15   Guarantee, as clearly disclosed on its website.  As further noted, StubHub, pursuant to the

16   FanProtect Guarantee, disclosed that tickets purchased through its website may not be

17   valid for entry, but, in the event the tickets were invalid and not replaceable, StubHub would

18   refund the price of the tickets and any fees incurred.  (See Hochstadt Decl., Ex. H.) Lastly,

19   as noted, Porras concedes StubHub gave her a complete refund.  (See Compl. ¶ 21); see

20   also Zepeda, 777 F. Supp. 2d at 1219 (holding "[i]f contractual language is clear and

21   explicit, it governs") (internal quotation and citation omitted).  Porras identifies no other

22   contractual obligations allegedly breached by StubHub.

23        Consequently, Porras has failed to state a claim for breach of contract, and,

24   accordingly, said claim is subject to dismissal.

25                              **CONCLUSION**

26        For the reasons stated, StubHub's Motion to Dismiss is hereby GRANTED with

27   leave to amend.  Porras's  First Amended Complaint, if any, shall be filed no later than

28   October 5, 2012.

1      The Case Management Conference, currently scheduled for September 21, 2012, is

2 hereby CONTINUED to November 16, 2012.

3      **IT IS SO ORDERED.**

4 Dated:  September 4, 2012

                                      MAXINE M. CHESNEY

5                                         United States District Judge