David J. Lender (DL-1554) (*pro hac vice*)
Eric S. Hochstadt (EH-0660) (*pro hac vice*)
Kristen M. Echemendia (KE-0781) (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.lender@weil.com
eric.hochstadt@weil.com
kristen.echemendia@weil.com

Christopher J. Cox (Bar No. 151650)
Liani Kotcher (Bar No. 277282)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
chris.cox@weil.com
liani.kotcher@weil.com

*Attorneys for Defendant StubHub, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CELINA Z. PORRAS, as an individual, and on behalf of all others similarly situated,

Plaintiff,

vs.

STUBHUB, INC.,

Defendants.

Case No. C 12-1225 MMC

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Hearing Date: December 7, 2012
Time: 9:00 a.m.
Courtroom: 7 - 19th Floor
Judge: Hon. Maxine M. Chesney

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ..... 1
**I.** PRELIMINARY STATEMENT ..... 1
**II.** BACKGROUND ..... 2
**III.** LEGAL STANDARD ..... 4
**IV.** ARGUMENT ..... 4
**A.** PLANTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER CLAIM UNDER THE CALIFORNIA TICKET RESALE STATUTE ..... 4
**B.** PLANTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER CLAIMS UNDER THE CALIFORNIA UCL AND FAL ..... 8
**1.** UCL – "Unlawful Prong" ..... 8
**2.** UCL – "Unfair Prong" ..... 8
**3.** UCL – "Fraudulent Prong" ..... 10
**4.** FAL ..... 11
**C.** PLAINTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS ..... 12
**D.** PLAINTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER BREACH OF CONTRACT CLAIM ..... 12
CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ..... 5, 6

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ..... 1, 4, 5

*Zwart v. Hewlett Packard Co.*,
No. 5:10-cv-03992 (JF) (HRL),
2011 WL 3740805 (N.C. Cal. Aug. 23, 2011) ..... 5

*Fabozzi v. StubHub*,
No. C-11-4385 EMC,
2012 WL 506330 (N.D. Cal. Feb. 15, 2012) ..... 5,7, 8, 11

*Hill v. StubHub*,
727 S.E.2d 550 (N.C. App. 2012) ..... 5

*Weinstein v. eBay, Inc., et al.*,
819 F. Supp. 2d 219 (S.D.N.Y. 2011) ..... 7

*Porras v. StubHub, Inc.*,
No. C 12-1225 MMC, Dkt. No. 28 ..... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 12(b)(6) ..... 1

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, defendant StubHub, Inc. ("StubHub"), on December 7, 2012 at 9:00 a.m., by and through its attorneys, shall move before the Honorable Maxine M. Chesney, United States District Judge for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, Courtroom 7 – 19th floor, for an Order dismissing in its entirety the First Amended Class Action Complaint ("Amended Complaint"), with prejudice, filed by Celina Z. Porras, on behalf of herself and two alleged putative classes (collectively, "Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim upon which relief can be granted.

**I. PRELIMINARY STATEMENT**

Plaintiff continues to pursue this lawsuit against StubHub – an online ticket marketplace that provides a medium for third parties to buy and sell tickets to entertainment events – over allegedly invalid tickets she purchased from a third-party seller on the website. As StubHub demonstrated in its motion to dismiss the Complaint, Plaintiff cannot state a plausible claim for relief against StubHub because StubHub did *not* sell Plaintiff the allegedly invalid tickets and Plaintiff admits that StubHub refunded her the money she paid to purchase those tickets in full satisfaction of its *FanProtect*™ Guarantee that is disclosed throughout its site. The Court agreed and dismissed the Complaint in its entirety without prejudice. *See* Sept. 4, 2012 Order, Dkt. No. 28 (the "Order").

In her First Amended Complaint, Plaintiff has added *no new factual allegations*, confirming once again that this lawsuit is without merit. Instead, Plaintiff's "new" allegations center around two legal arguments previously advanced by Plaintiff in her opposition to StubHub's first motion to dismiss and rejected by this Court: 1) that StubHub is not a "true marketplace"; and 2) that StubHub intentionally misleads consumers based on purported initial representations on its website. As a threshold matter, Plaintiff's incorporation of her conclusory legal assertions in her pleading is properly ignored on a motion to dismiss under *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). Furthermore, as the Court previously concluded, these

"new" allegations are belied by the clear disclosures existing throughout StubHub's site, including on the *very first page* where StubHub discloses the *FanProtect*™ Guarantee and provides a link to the policy.

In a further attempt to circumvent the Court's ruling, Plaintiff has jettisoned some of the factual allegations that belie her claim that StubHub is the ticket seller, such as deleting "Does 1-100" as co-defendants and the allegations aimed at the third-party ticket seller. However, Plaintiff cannot simply abandon her prior allegations, such as the fact that she sued the "John Doe" third-party who actually sold her the allegedly invalid tickets at issue, because they are inconvenient facts. This is especially true in light of the fact that Plaintiff has retained other allegations relied on by the Court in its order granting StubHub's motion to dismiss on the grounds that the California statute does not apply to StubHub because it is not a ticket seller. *See* Order at 4 (holding that StubHub is "an online marketplace and not a ticket seller."). *See also* (Am. Compl. ¶ 20 ("Plaintiff purchased *through* StubHub two tickets . . . .") (emphasis added); ¶ 38 (alleging that at time Plaintiff purchased the Tickets, StubHub's website stated "On StubHub, you're buying tickets from other fans").

Accordingly, StubHub respectfully requests that the Amended Complaint be dismissed with prejudice in its entirety.

## II. BACKGROUND[1]

StubHub incorporates this Section by reference from its initial motion to dismiss. *See* Notice of Motion and Motion to Dismiss Plaintiff's Class Action Complaint, Dkt. No. 18 ("Motion to Dismiss"), at 4-6. Plaintiff's Amended Complaint re-alleges the same core allegations that existed in the initial Complaint acknowledging that StubHub: 1) is a marketplace, not a ticket seller; 2) discloses that tickets may be invalid through its Fan*Protect*™ Guarantee; and 3) satisfied its *FanProtect*™ Guarantee by issuing Plaintiff a full refund. Based upon these facts admitted by Plaintiff, the Court held that the initial Complaint was insufficient as a matter of law because: 1) StubHub is not a "ticket seller" subject to the California ticket statute; 2) no

---

[1] StubHub disputes the accuracy of the allegations contained in the Amended Complaint, but, for purposes of this motion only, StubHub accepts them as true.

statutory consumer protection or common law fraud and misrepresentation claims could lie in the face of such disclosures; and 3) there was no breach of contract because StubHub honored its money-back guarantee.[2] *See generally* Order.

Notably, Plaintiff re-alleges that StubHub's website states that it is "'the world's largest online marketplace' for the resale and purchase of tickets to sporting events, concerts, theater shows, and other live entertainment events." (Am. Compl. ¶ 19; *id.* ¶ 35 (StubHub "advertises its services as a 'unique online marketplace'")). Plaintiff also re-acknowledges that StubHub's website discloses that "[o]n StubHub, you're buying tickets from other fans." (*Id.* ¶ 38). Further, Plaintiff continues to admit that, after the allegedly invalid ticket transaction, Plaintiff contacted StubHub and she was issued a full refund of the ticket price of $594.95, including all service and delivery fees, pursuant to StubHub's Fan*Protect*™ Guarantee. (*Id.* ¶ 27).

Central to the Court's decision to dismiss the initial Complaint was that the terms and conditions of the Fan*Protect*™ Guarantee are readily available on StubHub's site and clearly state that StubHub is providing a money-back guarantee if a ticket is invalid and a comparable replacement ticket cannot be found:

> **Benefits provided to Buyers under the Fan*Protect*™ Guarantee**
> Buyers will receive the following benefits under the Fan*Protect*™ Guarantee if the requirements below are met:
>
> …
>
> - **If tickets are invalid and are not honored by the venue:**
>
>   In the event the Buyer encounters any problems at the venue, the Buyer is encouraged to call StubHub Customer Service immediately at 1.866.StubHub (1.866.788.2482) for assistance. If the Buyer contacts StubHub from the venue at the time of the event, StubHub will attempt to locate comparable replacement tickets for the buyer. If replacement tickets cannot be found, or if the Buyer is not able to contact StubHub before the event, StubHub will provide the Buyer with a prepaid FedEx shipping label to use in returning the tickets to StubHub along with a Ticket Return Form. Upon confirmation by the venue that the tickets were invalid, *StubHub will issue the Buyer a refund for*

---

[2] For the Court's convenience, StubHub has provided a blacklined comparison of the Amended Complaint against the initial Complaint as Exhibit A to the Declaration of Eric S. Hochstadt in Support of this Motion to Dismiss (the "Second Hochstadt Decl.").

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
3
Case No. C 12-1225 MMC

> *the full cost of the tickets, including service fees and shipping and handling charges*.

Hochstadt Decl., Ex. H (emphasis added in italics).[3] The Court previously held that it could look to information disclosed on StubHub's website on a motion to dismiss since Plaintiff's allegations referenced and necessarily relied on its content; the same is true of the Amended Complaint. *See* Order at 7 n.3.

Finally, unlike her initial Complaint, Plaintiff has dropped her CLRA claim in the Amended Complaint. *See* Second Hochstadt Decl., Ex. A, at 1, 28-30. The remaining six causes of action, the alleged putative classes, and the monetary and non-monetary relief sought in the Amended Complaint are all the same as in the initial Complaint.

## III. LEGAL STANDARD

StubHub incorporates this Section by reference from its Motion to Dismiss. *See* Mot. to Dismiss, at 6-7. *See also* Order at 2-3.

## IV. ARGUMENT[4]

### A. PLANTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER CLAIM UNDER THE CALIFORNIA TICKET RESALE STATUTE

In its dismissal Order, the Court concluded that the California ticket resale statute did not apply to StubHub because StubHub is "a medium for third parties to sell tickets ... not a 'ticket seller.'"[5] *Id.* at 5. Plaintiff attempts to circumvent this fatal deficiency in her initial Complaint by dropping "Does 1-100" as co-defendants and jettisoning her allegations against those third parties – the true ticket sellers – because they belied her claim that StubHub is a ticket seller. Nevertheless, Plaintiff's Amended Complaint is equally deficient because: 1) the core allegations upon which the Court based its decision remain the same; and 2) Plaintiff's legal arguments couched as factual allegations fail to state a claim under *Twombly*.

---

[3] StubHub incorporates by reference the first Declaration of Eric S. Hochstadt in Support of the Motion to Dismiss the initial Complaint and the Exhibits appended thereto. *See* Dkt. No. 19.

[4] StubHub incorporates this Section by reference from its Motion to Dismiss. *See* Mot. to Dismiss at 7-22.

[5] As StubHub previously argued and the Court agreed, the California ticket statute at issue applies only to a "ticket seller." *See* Order at 4-5; Mot. to Dismiss at 7.

As a threshold matter, rather than alleging new facts to address the pleading deficiencies identified by the Court, Plaintiff attempts to walk away from her allegations against "Does 1-100" – the true ticket sellers. *See* Second Hochstadt Decl., Ex. A at 1, 5. The deletion of inconvenient facts does not all of a sudden render Plaintiff's claims plausible under *Twombly* and its progeny. To the contrary, Plaintiff's attempt to save her claims by deleting certain facts unhelpful to her case demonstrates her cognizance of the weakness of her claims and renders them all the more implausible. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss"). *C.f. Zwart v. Hewlett Packard Co.*, No. 5:10-cv-03992 (JF) (HRL), 2011 WL 3740805, at *3 (N.C. Cal. Aug. 23, 2011) ("[T]he Court need not accept unreasonable inferences" from factual allegations).

In any event, Plaintiff has retained in her Amended Complaint the key allegations relied upon by the Court in its dismissal Order (*see* Order at 4) that make clear that StubHub is not the ticket seller. *See, e.g.,* Am. Compl. ¶ 20 (alleging that Plaintiff purchased tickets "through" StubHub); *id.* ¶ 38 (alleging that at the time Porras purchased her tickets, StubHub's website stated "On StubHub, you're buying tickets from other fans"); *id.* ¶ 39 (alleging that subsequent to time Porras purchased her tickets, StubHub's website stated: "Buy tickets from other fans"). *See also id.* ¶ 35 (alleging that Defendant describes its services as a "unique online marketplace … that provides *all fans* the choice to *buy or sell their tickets* in a safe, convenient, and highly reliable environment") (emphasis added); *id.* ¶ 40 (admitting that StubHub's website stated at the time Plaintiff purchased her tickets that buyers would not be charged "until the seller confirms your order"). Under such circumstances both this Court and others have concluded that StubHub is not a "ticket seller." Order at 5; *Fabozzi v. StubHub*, No. C-11-4385 EMC, 2012 WL 506330, at *1 n.1 (N.D. Cal. Feb. 15, 2012) (dismissing complaint with prejudice: "StubHub does not actually buy or sell tickets; rather it is a marketplace for third-party users to buy and sell tickets."); *Hill v. StubHub*, 727 S.E.2d 550, 552, 564 (N.C. App. 2012) (same: StubHub "operates

an online marketplace that enables third parties to buy and sell tickets to sporting contests, concerts, and similar events;" StubHub "was neither a ticket seller nor the ticket seller's agent").[6]

Moreover, Plaintiff cannot revive her claims by asserting as allegations – nearly verbatim – the same legal arguments drawn from her opposition to the motion to dismiss and previously rejected by the Court. In her attempt to demonstrate that StubHub is a "ticket seller," Plaintiff alleges that: 1) StubHub is not a "true marketplace"; 2) StubHub allegedly "contracted with original ticket holders"; and 3) ticket sellers' identities are not disclosed by StubHub. It is well-settled, however, that Plaintiff's "legal conclusion[s] couched as [] factual allegation[s]" are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Further, as StubHub previously demonstrated, Plaintiff's argument that StubHub is not a "true marketplace" – like a "shopping mall or flea market or other forum, because StubHub charges end customers for the goods (tickets) and separately secures a vendor to transfer the goods, [] after which StubHub takes a Commission,"[7] is without merit. Charging end customers for conducting sales on StubHub's website does not transform StubHub into the ticket seller. If that were the case, all credit card companies – which unquestionably are *not* "sellers" of goods and services, but facilitators of transactions with merchants – would become sellers merely by receiving payment and charging a transaction fee. *See* Mot. to Dismiss at 9; Reply Br., Dkt. No. 24, at 6. Likewise, StubHub demonstrated in its motion to dismiss that Plaintiff's argument that "StubHub contracted with the original ticket holders that if StubHub makes a sale then these original ticket holders will agree to deliver the tickets to buyers such as Plaintiff," Am. Compl. ¶ 55, is belied by StubHub's numerous disclosures to the contrary – including those set forth in Plaintiff's Amended Complaint.[8] Finally, to the extent Plaintiff argues that StubHub is the seller because the identity

---

[6] Even *assuming arguendo* that StubHub was subject to the ticket statute, as discussed in StubHub's Motion to Dismiss, StubHub was compliant. Mot. to Dismiss at 10-12.

[7] Am. Compl. ¶ 54; Opp. Br., Dkt. No. 21, at 5. *See also* Am. Compl. ¶¶ 24, 56-58 (alleging that the actual sellers are anonymous and that Plaintiff "paid StubHub directly"); *id.* ¶ 55 (alleging that "StubHub contracted with the original ticket holders that if StubHub makes a sale then these original ticket holders will agree to deliver the tickets to buyers such as Plaintiff.").

[8] *See* Order at 4 (concluding that StubHub is not a ticket seller: "Porras's allegations also make clear that StubHub's website contains statements disclosing that users purchase tickets not from StubHub but, rather, from third parties."); Am. Compl. ¶¶ 38, 39. Plaintiff's own use of StubHub's website also confirms that she knows that StubHub is not, in fact, a ticket seller. *See*

of the actual seller is not disclosed, Am. Compl. ¶¶ 24, 56, such an argument makes no sense and has been rejected by various courts in other contexts.[9] For these reasons, the Court rejected Plaintiff's arguments in its prior decision. *See* Order at 4 ("Porras argues StubHub qualifies as a 'ticket seller' because it requires buyers to make payments directly to StubHub and arranges for sellers to deliver the tickets.... [However,] Porras's allegations show that StubHub is a virtual marketplace"); *id.* (concluding that "StubHub is a virtual marketplace allowing users to purchase tickets from *anonymous* third parties") (emphasis added); *id.* at 5 ("StubHub does not buy tickets and resell them at a higher price, or at any price. Rather, StubHub provides a medium for third parties to sell tickets. Consequently, StubHub is not 'ticket broker.'").

In sum, it is undisputed that StubHub's website is replete with disclosures that StubHub is not a ticket reseller, does not set the ticket price, and that the ticket reseller can be "just about anyone." Hochstadt Decl., Ex. E. In fact, *every* single page on StubHub's website contains the following disclaimer: "You are buying tickets from a *third party; neither StubHub.com nor StubHub, Inc. is the ticket seller. Prices are set by sellers* and may differ from face value." (emphasis added); *Id.* Accordingly, since Count I of the Amended Complaint under the California Ticket Resale Law is predicated on StubHub being the ticket seller, which clearly it was not, the first count fails to state a plausible claim for relief and should be dismissed.

---

Hochstadt Decl., Ex. G ("StubHub does not buy or sell tickets. The tickets on StubHub are listed and priced by other fans…."); *id.*, Ex. I (attaching a true and correct copy of Plaintiff's transaction history demonstrating that Plaintiff has listed and sold tickets on StubHub herself).

[9] *See Fabozzi v. StubHub*, No. C-11-4385 EMC, 2012 WL 506330, at *5 (N.D. Cal. Feb. 15, 2012) (dismissing with prejudice UCL claims based on Pennsylvania's ticket resale statute: "Plaintiff's [First Amended Complaint" had included allegations that StubHub acted unlawfully by failing to disclose the identities of third-party sellers who sell tickets throughout its site. However, Plaintiff's proposed [Second Amended Complaint] drops this claim and as Defendants point out, the statute contains no requirement for such disclosure."); *Weinstein v. eBay, Inc., et al.*, 819 F. Supp. 2d 219, 226, 27 (S.D.N.Y. 2011) (dismissing with prejudice consumer protection claims based on New York's ticket resale law: "Plaintiff cannot point to any provision of New York law that requires ticket resellers, licensed or not, to disclose their identities.").

**B. PLANTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER CLAIMS UNDER THE CALIFORNIA UCL AND FAL**

**1. <u>UCL – "Unlawful Prong"</u>**

In its motion to dismiss, StubHub argued, and the Court agreed, that Plaintiff's claim under the UCL's "unlawful prong" was subject to dismissal because Plaintiff failed to plead a violation of the California ticket statute since StubHub was *not* the ticket seller, let alone any other cognizable cause of action. *See* Order at 6-7; Mot. to Dismiss at 15. The same is true again and the result should be no different.

Plaintiff continues to premise her claim under the UCL's "unlawful prong" on an alleged violation of the California ticket statute and FAL. *See* Am. Compl. ¶¶ 100-101 (alleging that StubHub's conduct is "unlawful as in violation of" the California ticket statute and "also unfair, deceptive, untrue or misleading advertising."). However, as discussed herein, Plaintiff has failed to plead a cognizable violation under any statute, and there is none. *See Fabozzi*, 2012 WL 506330, at *5 ("Because Plaintiff has alleged no violation of the Pennsylvania ticket statute, his claim under the UCL's unlawful prong necessarily fails.").

Thus, Count II of the Amended Complaint fails to state a plausible claim for relief under the UCL "unlawful" prong and should be dismissed.

**2. <u>UCL – "Unfair Prong"</u>**

StubHub previously demonstrated that its disclosures concerning its *FanProtect*™ Guarantee, and the policy terms itself, belied Plaintiff's allegation that StubHub's conduct was unfair because it "guaranteed" that tickets would be authentic, and Plaintiff's tickets were not "valid for entry." Mot. to Dismiss at 18-20. Accordingly, the Court dismissed Plaintiff's claim under the UCL's "unfair prong" because "[a]n ordinary consumer reading the terms of StubHub's FanProtect Guarantee would recognize such guarantee would not exist unless there was a possibility that the tickets purchased might not be valid for entry." Order at 7. Plaintiff has asserted as allegations in her Amended Complaint the same legal arguments rejected by the Court, and has not alleged any new facts that alter this result. Instead, Plaintiff has made clear

that StubHub disclosed that it required its sellers to obtain "authorization of a valid credit card prior to listing tickets" and that "Sellers who do not fulfill their obligations, such as failing to deliver tickets on time, will face additional fees, account suspension and other possible penalties." Am. Compl. ¶ 34. Such steps would be unnecessary if StubHub were actually able to guarantee the validity for entry of tickets every time.

In the face of the Guarantee, Plaintiff challenges two aspects of StubHub's conduct as "unfair" under the UCL. First, Plaintiff has now included an additional allegation, quoted nearly verbatim from her opposition to StubHub's motion to dismiss, that "StubHub's violation of the Ticket Selling statute is unfair competition as StubHub attempts to limit liability to the actual ticket price rather than two times the ticket prices plus expenses incurred as required by the statute." *Id.* ¶ 104. Second, Plaintiff also has attempted to revive her abandoned claims challenging StubHub's service fee,[10] by analogizing that fee to car insurance, banking and medication fees "for services not actually performed." *Id.* ¶ 6. As detailed below, each of these allegations is deficient.

Plaintiff made the exact same argument regarding limited liability in its opposition brief, asserting that StubHub unfairly "limit[s] liability to the actual ticket price rather than two times the ticket prices plus expenses incurred as required by the Statute." *Id.* ¶ 104; Opp. Br. at 13 ("StubHub's violation of the Ticket Selling statute is unfair competition (attempting to limit liability to 1x the ticket price rather than 2x + expenses incurred)"). In dismissing the claim, the Court correctly rejected this argument because StubHub (and Porras) are governed by the *FanProtect*™ Guarantee, not California's ticketing statute. Mot. to Dismiss at 16. The User Agreement Porras signed as a condition of using the site limited her remedy against StubHub to the *FanProtect*™ Guarantee, and the Guarantee makes clear that if a ticket is invalid and a

[10] *See* Mot. to Dismiss at 17-18 (arguing that Plaintiff's service fee scheme lacks merit because StubHub charges a fee for the costs of operating a robust platform (*e.g.* processing credit cards, operating the FanProtect Guarantee, and providing 24 hour support), not for the sale of tickets); Reply at 2 (noting Plaintiff's abandonment of service fee claim). *See generally* Opp. Br. (failing to rebut StubHub's arguments).

comparable replacement ticket cannot be found, then the remedy is reimbursement of the cost of the tickets and fees (not two times the cost of the tickets or out-of-pocket expenses).

Finally, Plaintiff's "new" allegation that StubHub's service fee is akin to car insurance, banking and medication fees is no more than a flawed analogy. Am. Compl. ¶ 6. StubHub delivered the *exact* service it promised – a robust platform for resale and a full refund or replacement with comparable tickets if tickets are invalid. *See Id.* ¶ 27 (admitting that she received a full refund); Order at 11 ("StubHub, pursuant to the FanProtect Guarantee, disclosed that tickets purchased through its website may not be valid for entry, but, in the event the tickets were invalid and not replaceable, StubHub would refund the price of the tickets and any fees incurred") (citing Hochstadt Decl., Ex. H).

Thus, Count II of the Amended Complaint fails to state a plausible claim for relief under the UCL "unfair" prong and should be dismissed.

**3. <u>UCL – "Fraudulent Prong"</u>**

StubHub previously argued, and the Court agreed, that Plaintiff's claim under the UCL's "fraudulent prong" was subject to dismissal because "StubHub's FanProtect Guarantee, as disclosed on its website, makes clear what StubHub guarantees." Order at 8. The result should be no different here.

Like her initial Complaint, the Amended Complaint alleges that "StubHub's conduct of affirmatively misrepresenting the validity and authenticity of event tickets is likely to deceive a reasonable consumer," and "at a minimum, StubHub's claims of 'guarantee,' '100% confidence,' 'authentic,' and 'valid' are misleading and confusing." Am. Compl. ¶ 109. Plaintiff has merely attempted to recast the *same* allegation by lumping all the previously scattershot allegations into new, complete paragraphs stating that StubHub intentionally misleads consumers by making the initial representations on its website misleading even though clear disclosures exist elsewhere. *Id.* ¶¶ 2, 46 (alleging that StubHub's statements are "apparently calculated by [StubHub], to deceive a reasonable consumer, who is not required or expected to look beyond these initial misleading

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT 10 Case No. C 12-1225 MMC

representations"). Notwithstanding this pleading technique, the underlying allegations remain the same and are insufficient as a matter of law.

Plaintiff cannot avoid dismissal by modifying her allegations to state that StubHub has "apparently calculated to deceive a reasonable consumer, who is not required or expected to look beyond these initial misleading calculations." *Id.* This iteration is belied by StubHub's disclosures that, rather than hide anything, allow users to read the *FanProtect*™ Guarantee by providing a link to the policy *on its home page*, through the Customer Q&A, and under the very statements it makes concerning its Guarantee challenged by Plaintiff here. *See* Hochstadt Decl., Exs. D-H. StubHub makes the guarantee and then clearly and unequivocally explains what that means – a money-back guarantee if the ticket is invalid and a comparable replacement ticket cannot be found. Under such circumstances, courts have dismissed UCL claims. *Fabozzi*, 2012 WL 506330, at *6 (dismissing UCL "fraudulent" prong claim: "numerous screenshots of its website demonstrat[e] that it effectively disclose[d] the information [p]laintiff allege[d] it conceal[ed]"). The same result is warranted again here.

Thus, Count II of the Amended Complaint fails to state a plausible claim for relief and should be dismissed.

**4. <u>FAL</u>**

As with Plaintiff's UCL claims, the Court dismissed the FAL claim based upon StubHub's argument that its *FanProtect*™ Guarantee, which was "available for purchasers to review on StubHub's website," "express[ly] acknowledg[ed] that the tickets might be invalid." Order at 9. Plaintiff's FAL claim in her Amended Complaint is identical. Indeed, Plaintiff continues to assert that StubHub violated the FAL by "actively concealing the true facts and the likelihood of purchasing invalid tickets," Am. Compl. ¶ 122, when StubHub has supposedly "known for many years that tickets purchased through its website are oftentimes not 'authentic' or 'valid for entry.'" *Id.* ¶ 4.[11] These same allegations previously were rejected by the Court.

---

[11] Plaintiff's citation to allegations from a complaint filed in a second case involving invalid tickets is cumulative and does not constitute a new allegation that should change the Court's prior ruling. *See* Am. Compl. ¶ 4.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

11

Case No. C 12-1225 MMC

Thus, Count III of the Amended Complaint fails to state a plausible claim for relief and should be dismissed.

**C. PLAINTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS**

In its motion to dismiss the initial Complaint, StubHub argued that these claims failed because, among other reasons, Plaintiff had failed to allege a misrepresentation by StubHub concerning its money-back guarantee since there are numerous disclosures on the site of the *FanProtect*™ Guarantee. *See* Mot. to Dismiss at 22-23. The Court agreed. Order at 10-11 ("[Plaintiff's] allegations fail to set forth facts demonstrating a misrepresentation"). Plaintiff's fraud and negligent misrepresentation claims in the Amended Complaint are based upon the *same* alleged misrepresentations that StubHub has "apparently calculated" to mislead consumers by making the initial representations on its website misleading even though clear disclosures exist elsewhere because reasonable consumers will not discover the "truth." Am. Compl. ¶¶ 28-48. That claim is groundless for the reasons stated above.

Accordingly, the result should be no different now and Counts IV and V of the Amended Complaint should be dismissed for failure to state plausible claims for relief.

**D. PLAINTIFF FAILED TO ALLEGE ANY NEW FACTS THAT SUPPORT HER BREACH OF CONTRACT CLAIM**

The Court previously dismissed Plaintiff's breach of contract claim because, by issuing Plaintiff a full refund of the price of the allegedly invalid tickets at issue, StubHub performed under the FanProtect Guarantee as promised under the User Agreement. Order at 11 ("Porras concedes StubHub gave her a complete refund. Porras identifies no other contractual obligations allegedly breached by StubHub.") (citations omitted). Plaintiff's Amended Complaint again concedes that StubHub issued her a full refund, consistent with the terms of its *FanProtect*™ Guarantee, *see* Am. Compl. ¶ 27, and Plaintiff fails to identify any other provision of the User Agreement allegedly breached by StubHub.

Thus, Count VI of the Amended Complaint fails to state a plausible claim for relief and should be dismissed.

**CONCLUSION**

Plaintiff's second attempt at pleading viable causes of action against StubHub is a near repeat of the first. Although Plaintiff has made a few changes, and incorporated some lawyer argument, none of those amendments come anywhere close to changing the fundamental flaws in Plaintiff's theory that led to dismissal the first time around, and should result in dismissal here again. Thus, for the foregoing reasons, StubHub respectfully requests that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice.

DATED: October 22, 2012

WEIL, GOTSHAL & MANGES LLP

By: *\/s/ Christopher J. Cox*

Christopher J. Cox (Bar No. 151650)
chris.cox@weil.com
Liani Kotcher (Bar No. 277282)
liani.kotcher@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

David J. Lender (*pro hac vice*)
david.lender@weil.com
Eric S. Hochstadt (*pro hac vice*)
eric.hochstadt@weil.com
Kristen M. Echemendia (*pro hac vice*)
kristen.echemendia@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendant StubHub, Inc.*