IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINA Z. PORRAS, as an individual, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>STUBHUB, INC.,<br><br>          Defendant. | No. C 12-1225 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is defendant StubHub, Inc.'s ("StubHub") "Motion to Dismiss Plaintiff's First Amended Class Action Complaint ["FAC"]," filed October 22, 2012. Plaintiff Celina Z. Porras ("Porras") has filed opposition, to which StubHub has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

StubHub is an "online marketplace for the resale and purchase of tickets to sporting events, concerts, theater shows, and other live entertainment events." (See FAC ¶ 19.) On November 10, 2011, Porras purchased two tickets to the December 19, 2011

---

[1] By order filed December 3, 2012, the Court took the matter under submission and vacated the hearing scheduled for December 7, 2012.

football game between the San Francisco 49ers and the Pittsburgh Steelers at Candlestick Park in San Francisco, California, through StubHub's website.  (See id. ¶ 20.)  Porras paid $530.00 for the tickets, delivery fees of $11.95, and service fees of $53.00, for a total of $594.95.  (See id. ¶¶ 21-23.)  In order to attend the event, Porras paid an additional $442.80 for two round-trip plane tickets from Los Angeles to San Francisco.  (See id. ¶ 25.)

On December 19, 2011, Porras initially was granted entrance, but was removed by security "approximately half-way" through the event and told her tickets were invalid.  (See id. ¶ 26.)  After the event, Porras complained to StubHub, and received a refund of $594.95, constituting the ticket price and all service and delivery fees.  (See id. ¶ 27.)

In her FAC, Porras alleges that StubHub "makes numerous conspicuous misrepresentations and 'guarantees' to consumers on its website that tickets sold will be 'authentic' and 'valid for entry,' when, in fact, [StubHub] delivers tickets that are not authentic or valid."  (See id. ¶ 2 (emphasis omitted).)  Additionally, Porras alleges, "[StubHub] misleads consumers to believe that payment of the Service Fee assures that tickets sold through its website will be authentic and valid for entry, when in reality, it does not."  (See id. ¶ 51.)

Porras further alleges that StubHub's "FanProtect Guarantee," as described on StubHub's website, is misleading because it implies that all tickets purchased on StubHub will be valid for entry.  (See id. ¶¶ 37, 44.)

Based on the above allegations, Porras, in her FAC as in her initial complaint, brings claims on behalf of two putative classes, asserting:  (1) violation of California's ticket seller statute, Cal. Bus. & Prof. Code §§ 22500, et seq., (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., (4) fraud, (5) negligent misrepresentation, and (6) breach of express contract.  (See FAC ¶¶ 80-146.)[2]

---

[2] By order filed September 4, 2012, the Court dismissed Porras's complaint, which alleged, in addition to the above causes of action, a claim alleging violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. (See Order, filed Sept. 4,

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d

---

2012; Compl. ¶¶ 66-130.)

1119 (9th Cir. 2002).  In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint.  See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

**DISCUSSION**

**A. California's Ticket Seller Statute**

California's ticket seller statute makes it "unlawful for a ticket seller to represent that he or she can deliver or cause to be delivered a ticket at a specific price or within a specific price range and to fail to deliver within a reasonable time or a contracted time the tickets at or below the price stated."  See Cal. Bus. & Prof. Code § 22502.2.  The statute defines a "ticket seller" as "any person who for compensation, commission, or otherwise sells admission tickets to sporting, musical, theatre, or any other entertainment event," see id. § 22503, and further provides for statutory damages of "two times the contracted price of the ticket, in addition to any sum expended by the purchaser in nonrefundable expenses for attending or attempting to attend the event in good faith reliance on seat or space availability, and reasonable attorney's fees and court costs," see id. § 22502.3.

By its prior order, the Court found StubHub was not a ticket seller under the statute, noting "Porras's allegations show that StubHub is a virtual marketplace allowing users to purchase tickets from anonymous third parties."  (See Order, filed Sept. 4, 2012 at 4:18-20.)

Porras now alleges StubHub is "[u]nlike a true marketplace like a shopping mall or flea market or other forum, because StubHub charges end customers for the goods (tickets) and separately secures a vendor to transfer the goods, and after which StubHub takes a 'commission' (or simply extra money)."  (See FAC ¶ 54.)  Additionally, citing § 22502.1(b), Porras now alleges, "StubHub contract[s] with the original ticket holders that if StubHub makes a sale then these original ticket holders will agree to deliver the tickets to buyers such as [Porras]."  (See id. ¶ 55.)  Porras argues that "[u]nder these circumstances

4

1  StubHub is a ticket reseller." (See Opp'n at 7:5.) The Court remains unpersuaded.

2  To the extent such newly added allegations contain a factual description of the transactions at issue, the facts are not new and have been considered by the Court in its prior order, and to the extent Porras seeks to characterize those transactions as "charging end customers of the goods" and "sale[s]," the allegations are inconsistent with the factual allegations in the FAC and the documents on which Porras relies.[3]  See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998) (holding "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss"). In particular, in her FAC, Porras again alleges she purchased her tickets "through StubHub" (see FAC ¶ 20; Compl. ¶ 15 (same)) and that, at the time she purchased her tickets, StubHub's website stated: "you're buying tickets from other fans" (see id. ¶ 38; Compl. ¶ 32). Further, StubHub's User Agreement, on which Porras relies, states: "When a Buyer places an order by clicking the 'Place order' button or completing a phone order, the Buyer is entering into a binding contract with the Seller to purchase the tickets." (See Decl. of Amber S. Healy Ex. L ¶ 2.2.) The User Agreement further provides that sellers, after listing their tickets on StubHub, are free to remove those tickets if they choose to sell them elsewhere. (See id. Ex. L ¶ 4.4.)

In sum, Porras has failed to cure the deficiencies identified by the Court in its prior order, and, consequently, the Court again finds Porras's allegations are insufficient to show StubHub is a ticket seller under California's ticket seller statute.

Accordingly, Porras's claim under California's ticket seller statute will be dismissed without further leave to amend.

**B. California's Unfair Competition Law**

California's Unfair Competition Law ("UCL") prohibits business acts or practices that are "unlawful, unfair, or fraudulent." See Cal. Bus. & Prof. Code § 17200. The Court addresses separately each prong of the UCL. See Rubio v. Capital One Bank, 613 F.3d

---

[3] Porras's citation to § 22502.1 likewise is unavailing. Section 22502.1 does not define "ticket seller"; rather it sets forth certain requirements for those persons and entities who constitute ticket sellers as defined by § 22503.

5

1195, 1204 (9th Cir. 2010) (separately analyzing each "prong" of the UCL).

**1. Unlawful Practice**

Porras alleges StubHub's conduct is "unlawful" because it violates California's ticket seller statute. (See FAC ¶ 101, 103.) The "unlawful" prong "borrows" violations of other law, including "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made" law. See Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994). As discussed above, Porras has not alleged facts sufficient to plead a violation of California's ticket seller statute, nor has Porras alleged facts demonstrating any other violation available to be "borrowed" by the UCL. See Dorado v. Shea Homes Ltd. Partnership, No. 1:11-cv-01027, 2011 WL 3875626, at *19 (holding "[w]here a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim" under the "unlawful" prong) (citing Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 718 (2001)).

Consequently, Porras has failed to state a claim under the UCL's "unlawful" prong.

**2. Unfair Practice**

"An act or practice is unfair [under the UCL] if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." See Daugherty v. American Honda Motor Co., Inc., 144 Cal. App. 4th 824, 839 (2006). Put another way, an act or practice is "unfair" when it is "immoral, unethical, oppressive, unscrupulous, or substantially injurious." See Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1260-61 (2006).

In her FAC, Porras's allegation that StubHub's conduct was "unfair" is based on the same facts she alleged in her initial complaint. (See FAC ¶ 108 (alleging StubHub's conduct was unfair because StubHub represents it guarantees tickets sold through its site to be authentic and Porras was "charged for . . . tickets that were not authentic and/or valid for entry"; Compl. ¶ 85 (same)); see also FAC ¶ 107 (alleging StubHub's conduct was unfair because the "Service Fee" charged by StubHub "does not assure that tickets

purchased through [StubHub's] website will be authentic and valid for entry"); Compl. ¶ 86 (same). In its prior order, the Court held such allegations failed to state a claim under the UCL's "unfair" prong, noting the disclosures on StubHub's website made clear that the tickets purchased might not be valid for entry and that Porras had received a full refund. (See Order, filed Sept. 4, 2012 at 7:14-8:11; see also Decl. of Amber S. Healy Ex. C.) Porras's newly added allegation comparing StubHub's Service Fee to the practices of various types of businesses that fail to provide promised goods or services, (see FAC ¶ 6 (comparing StubHub to, inter alia, "car insurance company that advertises and sells a policy that does not actually provide the coverage advertised")), constitutes no more than a legal argument, which, as noted, is insufficient to state a claim. See Iqbal, 556 U.S. at 678 (holding courts are "not bound to accept as true a legal conclusion couched as a factual allegation").

Consequently, Porras has failed to state a claim under the UCL's "unfair" prong.

**3. Fraudulent Practice**

To state a claim under the "fraudulent" prong of the UCL, Porras must allege facts showing "reasonable members of the public are likely to be deceived." See Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) (internal quotation and citation omitted). In her FAC, Porras again alleges StubHub misled consumers by using the terms "guarantee," "100% confidence," "authentic," and "valid." (See FAC ¶ 109; Comp. ¶ 107 (same).) In its prior order, the Court held, "[c]ontrary to Porras's contention, StubHub's FanProtect Guarantee, as disclosed on its website, makes clear what StubHub guarantees." (See Order, filed Sept. 4, 2012 at 8:19-20.)

Porras's only new allegations in support of such claim constitute no more than legal conclusions. (See, e.g., FAC ¶ 2 (alleging "[StubHub]'s conduct of affirmatively misrepresenting the validity and authenticity of event tickets is likely, and apparently calculated by [StubHub], to deceive a reasonable consumer, who is not required or expected to look beyond these misleading representations"); FAC ¶ 109 ("StubHub's

7

conduct of affirmatively misrepresenting the validity and authenticity of event tickets is likely to deceive a reasonable consumer.").

Consequently, Porras has failed to state a claim under the UCL's "fraudulent" prong, and, as discussed above, Porras has failed to state a claim under either of the UCL's other prongs.

Accordingly, as Porras has failed to cure the deficiencies identified by the Court in its prior order, Porras's claim under the UCL will be dismissed without further leave to amend.

### C. California's False Advertising Law

Under California's False Advertising Law ("FAL"), it is unlawful for an individual or entity to make any "untrue or misleading" statement to induce the public to purchase goods or services. See Cal. Bus. & Prof. § 17500. The FAL prohibits statements made in such a way "that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." See Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003). In her FAC, Porras again alleges StubHub violated the FAL by making "false and misrepresentative advertisements" that were "part of a scheme to mislead StubHub customers" and that it "actively concealed the true facts and the likelihood of purchasing invalid tickets." (See FAC ¶¶ 121-22; Compl. ¶¶ 95-96.)

In its prior order, the Court found "[g]iven StubHub's express acknowledgment that the tickets might be invalid, available for purchasers to review on StubHub's website, StubHub's statements cannot be deemed 'untrue or misleading.'" (See Order, filed Sept. 4, 2012 at 9:14-15.) The FAC includes no new facts upon which a violation of the FAL could be found.

Consequently, Porras again fails to state a claim under the FAL, and, accordingly, said claim will be dismissed without further leave to amend.

### D. Fraud and Negligent Misrepresentation

To state a claim of fraud or negligent misrepresentation, Porras must allege facts showing, inter alia, a "misrepresentation." (See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (noting "elements of fraud" include "misrepresentation"); Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001) (noting "elements of negligent misrepresentation include . . . misrepresentation of a past or existing material fact"). In support of her claims, Porras relies on the same allegedly misleading representations as were alleged in her initial complaint and have been discussed above. In its prior order, the Court found Porras failed to "set forth facts demonstrating a misrepresentation." (See Order, filed Sept. 4, 2012 at 11:1.) Porras has not cured this deficiency.

Consequently, Porras has, as before, failed to state a claim of either fraud or negligent misrepresentation, and, accordingly, said claims will be dismissed without further leave to amend.

### E. Breach of Contract

To state a claim for breach of contract, Porras must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." See First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). In her FAC, Porras again alleges StubHub "breached the contract by failing to provide the promised goods and/or services in that the tickets which [the seller], through its electronic agent, sold to [Porras] . . . were not authentic." (See FAC ¶ 144; Compl. ¶ 120 (same).) In its prior order, the Court found Porras failed to state a claim for breach of contract, noting Porras's purchase of tickets was subject to StubHub's FanProtect Guarantee, which contained a clear disclosure that tickets purchased through the website may not be valid for entry and that, in the event the tickets were invalid and not replaceable, StubHub would refund the price of the tickets and any fees incurred. (See Order, filed Sept. 4, 2012 at 11:14-24.) As the Court further noted, Porras concedes StubHub gave her a complete refund. (See id. at 11:19.) In her FAC, Porras alleges no

9

new facts in support of her initial claim for breach of contract and has identified no other contractual obligations allegedly breached by StubHub.

Consequently, Porras again fails to state a claim for breach of contract, and, accordingly, said claim will be dismissed without further leave to amend.

## CONCLUSION

For the reasons stated above, StubHub's Motion to Dismiss is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: January 11, 2013

MAXINE M. CHESNEY
United States District Judge